RICORDS, Appellant, v. MEAD, Respondent.

(189 N. W. 703.)

(File No. 5105.    Opinion filed August 30, 1922.)

**Evidence—Realty Sale Commission Note, Suit On—Delivery Conditioned on Purchaser's Taking Land, Admissibility—Statute.**

> In a suit on a realty sale commission note, the contention that defendant's testimony that note was delivered on condition that it would be returned if purchaser did not take land, was in admissible as violative of Sec. 860, Code 1919, providing that execution of a contract in writing * * * supersedes all oral negotiations concerning its matter, which preceded or accompanied its execution, and that such testimony would vary and contradict terms of note, is untenable; the delivery not having been absolute, but the condition went to the existence of the contract; the rule as between immediate parties to a note delivery being that conditional delivery may be shown.

Anderson, J., not sitting.

Appeal from Circuit Court, Aurora County.    Hon. FRANK B. SMITH, Judge.

Action by S. W. Ricords, against R. B. Mead, to recover upon a promissory note.    From a judgment for defendant, and an order denying a new trial, plaintiff appeals.    Affirmed.

*Miller & Mitchell,* for Appellant.

*Donald Fellows,* for Respondent.

Appellant cited:    Homewood Peoples Bank v. Heckert, 207 Pa. 231, 56 Atl. 431; Bailey v. Lankford (Okla.), 154 Pac. 672; Brannon's Negotiable Instrument Law, p. 62.

Respondent cited: Notes in 18 L. R. A. (N. S.) 288; L. R. A. 1917C, 306; aMrtineau v. Hanson (Utah), 155 Pac. 432.

GATES, P. J.   Plaintiff, a real estate agent, assisted defendant in the sale of land.   For plaintiff's commission thereon defendant executed and delivered to plaintiff a promissory note for $800, for the collection of which this action was brought. Defendant testified that the note was delivered upon the condition that it would be returned if the purchaser did not take the land.   Plaintiff testified that there was no such condition.   It is undisputed that the purchaser did not take the land.   The jury found for the defendant.   From the judgment and order denying a new trial, plaintiff appeals.

The only question raised by the assignments of error is whether the testimony of defendant in relation to the conditional delivery was admissible.   Appellant contends that it was not, because to admit such testimony would violate Rev. Code 1919, § 860, which provides:

"The execution of a contract in writing, whether the law requires it to be written or not, supersedes all the oral negotiations or stipulations concerning its matter, which preceded or accompanied the execution of the instrument."

Appellant also contends that such oral testimony would vary and contradict the terms of the note, and would therefore be inadmissible.   He asserts that there was an absolute delivery of the note, and that because there was no valid consideration for the alleged oral agreement it cannot be enforced.   The fallacy of appellant's reasoning lies in the assumption that there was an absolute delivery.   Appellant testified that there was, but respondent testified that there was not.   Respondent testified:

"I voluntarily gave him this note, and said to him, 'You ought to have something to show that you are to have $800 providing the party takes the contract,' and I gave him this note, and said, 'Now, if Mr. Campbell doesn't take the land, you are to return this note;' and he said, 'Yes'; and he said to me, 'He will take the land; you needn't worry about that.'"

This is not a case where there was an absolute delivery, with the understanding that the note should be a valid instrument unless and until a future event should render it void.   Here the condition went to the very existence of the contract.   It was not to

be a contract, unless the purchaser took the land; hence it never became a valid and enforceable contract. In such case the rule is well settled that, as between the immediate parties to a note, the delivery may be shown to have been conditional. Uniform Neg. Inst. Law, § 16 (Rev. Code 1919, § 1720); McCormick H. M. Co. v. Faulkner, 7 S. D. 363, 64 N. W. 163, 58 Am. St. Rep. 839; notes L. R. A. 1917C, 306.

The judgment and order appealed from are affirmed.

ANDERSON, J., not sitting.