CITY NATIONAL BANK OF HURON, Respondent, v. DWYER, Appellant.

(200 N. W. 109.)

(File No. 5257.    Opinion filed October 6, 1924.)

1. **Evidence—Conditional Delivery—Evidence—Conditional Delivery of Note May Be Shown.**

   Testimony that wife of maker of note signed on representation of payee that she would not be personally liable, but would merely waive her homestead right, does not tend to vary its terms, since Rev. Code 1919, Sec. 1720, expressly permits showing that delivery was conditional or for special purpose only.

2. **Banks and Banking — Negotiable Instruments — Agreement by President with Maker of Note Held Binding on Bank.**

   Agreement by president of bank with wife signing husband's note to bank that she would not be liable, held binding on bank on its acceptance, since it could not repudiate only adverse part of agreement.

Appeal from Circuit Court, Beadle County; HON. ALVA E. TAYLOR, Judge.

Action by City National Bank of Huron against Frank H. Dwyer and Martina Dwyer. From a judgment for plaintiff and from order denying new trial, the last-named defendant appeals. Reversed.

Null & Royhl, of Huron, for Appellant.

Gardner & Churchill, of Huron, for Respondent.

Appellant cited:   Christian v. Boepple, 42 S. D. 337; Rev. Code 1919, Sec. 16; Ricords v. Mead, 189 N. W. 703; McCormack v. Faulkner, 7 S. D. 363, L. R. A. 1917C 306; Bank v. Jerke, 188 N. W. 314; Milling Company v. Williams, 187 N. W. 159; Larson v. Segnin, 34 S. D. 453, 149 N. W. 174; Brannans' Negotiable Instruments Law, Sec. 16, pp. 57 to 65; Storey v. Storey, 131 C. C. A. 269, 214 Fed. 973; Paulson v. Boyd, (Wis.) 118 N. W. 841; Farrington v. McNeil, (N. C.) 93 S. E. 957; Koester v. Port Huron Co., 24 S. D. 555; Dimocks State Bank v. Böehnen, (S. D.) 190 N. W. 485; Farmers & Merchants State Bank of Tolna v. Stavn, (N. D.) 194 N. W. 689; 18 L. R. A. (N. S.) 288; L. R. A. 1917C 306; Security Savings Bank v. Hambright, 193 N. W. 576, 577.

Respondent cited:   Bank v. Engebretson, 28 S. D. 185; Rosholt v, Woulph, 40 S. D. 269; Schmitz v. Mining Co. 8 S. D. 544; Bank v. Foote, (Utah) 42 Pac. 205; Davis v. Randall, 115 Mass. 547; Altman v. Anton, (Ia.) 60 N. W. 191; Kulenkamp v. Groof, 40 N. W. 57; Fay v. Blackstone 31 Ill. 538, 83 Am. Dec. 246; Tambro v. Keith, 122 S. W. 40; Jackson v. Bank, 46 S. W. 295; Payne v. Insurance Co., 141 Fed. 339; Bank v. Pierotte, 193 Pac. 327; Bank v. Watson, 163 Pac. 637; Gillis v. Bank, 148 Pac. 994; Bass v. Sanborn, 95 S. W. 955; Bank v. Simons, (Mo.) 204 S. W. 837; Jackson v. Jackson, 12 Ky. L. 388; Bank v. Belk, (Neb.) 77 N. W. 58; Bank v. Jones, 8 Peters; Bank v. Tisdale, 84 N. Y. 655; Bank v. Rivers, (Ala.) 67 A. S. R. 99; Vallely v. Devaney, (N. D.) 194 N. W. 903; First National Bank v. Davison, (N. D.) 188 N. W. 194; Doyan v. Fogleson, (S. D.) 192 N. W. 752; State v. McMahon, 45 S. D. 77, 185 N. W. 1014; Independent Harvester Co. v. Anderson, 45 S. D. 60; First State Bank v. Kelly, (N. D.) 152 N. W. 128.

POLLEY, J. This action was brought to recover on a promissory note. The defendant Frank Dwyer defaulted, but defendant Martina Dwyer resisted payment. The execution and delivery of the note is admitted, but in her answer she alleges that the note was obtained from her by plaintiff by means of fraud, deceit, misrepresentation, and without consideration.

At the close of the testimony plaintiff moved for a directed verdict.  This motion was granted, and judgment was entered

for plaintiff.  From such judgment and from an order denying her motion for a new trial defendant Martina Dwyer appeals.

From the testimony it appears that plaintiff advanced money to defendant Frank Dwyer to make a payment on the purchase of a tract of land.  The title to the land was conveyed to Frank Dwyer.  The plaintiff, through its president, then requested defendants to execute their note to plaintiff for the amount of money advanced, and that they convey the title to the land to plaintiff as security for the payment of the note.  Frank Dwyer executed the note and deed as requested.  Martina Dwyer executed the deed, but refused to assume any obligation to pay the note.  She told the president of the bank that she would not sign the note if she would at any time be held personally responsible for it, or if any property that she might ever acquire would be held responsible.  He assured her that there would be no personal responsibility on her part whatever: that he wanted her to sign the note for the sole purpose of waiving her homestead right in the land; and that she would not be held responsible for the payment of the note.  Defendant testified that she believed these representations made by the president of the bank and relied upon them as true; that relying upon the truth thereof, she signed the note, but that she would not have signed it if she had not believed the said representations.

By its motion for a directed verdict plaintiff admitted the truth of this testimony, and the only question for the court to determine is whether a person who has executed a promissory note under circumstances as above set out, and where the note is still in the hands of the original payee, should be compelled to pay the same.  No consideration of any kind ever passed from plaintiff to defendant for the execution of the note.

[1]  It is contended by respondent that the testimony was incompetent, because it tends to change or vary the terms of a written instrument.  This contention is wholly without merit.  There is no attempt to vary the terms of the note.  The testimony was not admitted for that purpose, but to show the purpose for which the note was given, to wit, that it was executed for the purpose only of waiving defendant's homestead right to the land described in the deed.  This is the very point that was decided by this court in McCormick H. M. Co. v. Faulkner, 7 S. D. 363,

64 N. W. 163, 58 Am. St. Rep. 839. In that case this court, speaking through Mr. Justice Corson, said:

"But the evidence in this case did not tend to contradict or vary the terms of the written instruments, but tended to prove that the so-called promissory notes were never in fact delivered as such, and therefore, never took effect or became operative as promissory notes."

In this case the note was not intended to become operative as a promissory note, but only as a waiver of a homestead right. This doctrine has recently been approved by this court in Ricords v. Mead, 45 S. D. 617, 189 N. W. 703; Dimock St. Bank v. Boehnen, 46 S. D. 50, 190 N. W. 485. And in section 1720, Code 1919, it is expressly provided that delivery of a promissory note may be shown to have been conditional or for a special purpose only.

[2] It is contended by respondent that the president of the bank was without authority to bind the bank by an arrangement or agreement such as defendant claims was made. In support of this contention respondent cites and relies upon the decision of this court in Mead v. Pettigrew, 11 S. D. 529, 78 N. W. 945. In that case the president of the bank wished to have the de-defendant Pettigrew act as a director of the bank. Only stock-holders in the bank could become directors, and to qualify Petti-grew to act as a director $1,000 worth of stock was issued to him, and he gave his note for an equal amount to the bank. The president of the bank assured him that he would never be called on to pay the note. Pettigrew never paid any interest on the note, and he was never paid any dividends on the stock. This continued for several years. The bank made an assignment, and the asignee sued Pettigrew on the note. This court held that the issuance of the stock was a consideration for the note, and that the trial court was right in directing a verdict.. In this case there was no consideration of any kind for the note. While the presi-dent was not authorized to make the agreement testified to by defendant, the bank could not repudiate the part of the arrange-ment that was adverse to it and ratify the part that was favor-able to it. If the bank was not willing to accept the note on the only condition that defendant was willing to give it, then it should not have accepted it at all. In treating this question the Supreme Court of Iowa in a very recent case said:

"Let it be admitted, as an abstract proposition of law, that Davis was not the bank, and that, without the authority or approval, expressed or implied, of the board of directors he could not bind the bank to a recognition of the agreement negotiated by him with the defendant, yet a 'bank no less than a private individual person is subject to the same rule which is as sound in law as in morals, by which the principal who ratifies or accepts the benefit of an unauthorized act of its agent takes it burdened with the conditions * *. * which would attend it in the hands of the agent himself; or, to state it in plainer terms, the principal cannot ratify so much of the unauthorized act of the agent as it thinks to its advantage and repudiate the remainder." Bank v. Hambright, 195 Iowa, 1147, 193 N. W. 576.

The judgment and order appealed from are reversed.

Note.—Reported in 200 N. W. 109. See. Headnote (1), American Key-Numbered Digest, Evidence, Key-No. 420(7), 22 C. J. Sec. 1542.; (2) Banks and banking, Key-No. 114, 7 C. J. Sec. 140.

On admissibility of parol evidence to show that a bill or note was conditional, or given for a special purpose, see note in 20 A. L. R. 421 and Vol. 5, U. L. A., page 73, Sec. 16.