FARMERS' ELEVATOR COMPANY OF COLTON, Respondent, v. SWIER et al, Appellants.

(210 N. W. 671.)

(File No. 5673.    Opinion filed November 15, 1926.)

1.  **Contracts—Evidence.**

At common law, embodied in Rev. Code 1919, § 860, written contract, whether required by law or not, generally supersedes all preceding or accompanying oral negotiations or stipulations.

2.  **Evidence—Real Consideration of Written Contract May Be Shown by Parol or Other Extrinsic Evidence, Unless Statement Thereof Is Contractual and Consists of Specific, Direct Promise.**

Recitals as to consideration of written contract are not conclusive, and real consideration may be shown by parol or other extrinsic evidence, unless statement of consideration is contractual and consists of specific, direct promise to do certain things.

3.  **Evidence—Purchaser's Written Contract to Release Interest, In Consideration of Right to Continue Payments After Default, Held Binding Contract Precluding Evidence of Vendor's Preliminary Oral Agreement to Pay for Material Furnished Purchaser.**

Written agreement by purchaser of realty to release his interest to vendor and pay balance due, in consideration of right to

continue payments after default, **held** to cover everything necessary to bind contract in such detail as to preclude evidence of vendor's preliminary oral agreement to pay for material furnished purchaser, if latter would sign agreement.

4. **Evidence—Complete, Unambiguous, Written Contract, Cannot Be Modified by Parol or Extrinsic Evidence.**

Where written contract is complete, clear, and unambiguous and contains mutual contractual covenants, or consideration consists of specific, direct promise to do or not to do certain things, such part cannot be changed by parol or extrinsic evidence nor new terms added, in absence of fraud, mistake, or accident.

---

Note.—See, Headnote, **(1)**, American Key-Numbered Digest, Contracts, Key-No. 245(2), 13 C. J. Sec. 616; **(2)** Evidence, Key-No. 419(11), 22 C. J. Secs. 1555, 1569; **(3)** Evidence, Key-No. 442(6), 22 C. J. Sec. 1664; **(4)** Evidence, Key-No. 397(2), 22 C. J. Sec. 1569.

Admissibility of parol evidence where statements as to consideration is of contractual nature, see note in 12 A. L. R. 355; 10 R. C. L. 1044; 2 R. C. L. Supp. 1144; 4 R. C. L. Supp. 688; 5 R. C. L. Supp. 584; 6 R. C. L. Supp. 636.

Appeal from Circuit Court, Minnehaha County; Hon. JOHN T. MEDIN, Judge.

Action by the Farmers' Elevator Company of Colton, S. D., against Peter Swier and Otto Steineke. From a judgment for plaintiff, and an order denying a motion for new trial, defendant Steineke appeals. Reversed, with instructions.

*H. E. Judge* and *H. F. Chapman,* both of Sioux Falls, for Appellant.

*Krause & Krause,* of Dell Rapids, for Respondent

KNIGHT, Circuit Judge. Plaintiff secured judgment upon a trial by jury against both defendants for building material and labor furnished to Swier, such labor having been furnished by Austin Boen, plaintiff's assignor. From this judgment and the order denying his motion for new trial, the defendant Steineke has appealed.

In 1919 appellant entered into a contract for the sale of certain real estate to Swier who went into possession thereof, under such contract, and made extensive improvements thereon, using building materials furnished by respondent and labor furnished by respondent's assignor. In March, 1921, default having accrued

in the conditions of the contract of purchase and sale, appellant instituted proceedings for the foreclosure thereof and while such proceedings were pending, and on May 14, 1921, appellant and Swier entered into a written agreement, hereinafter called settlement agreement, which, after reciting the making of said contract of purchase and sale and the institution of said proceedings contained the following provisions:

"And whereas, the parties hereto have mutually agreed to settle and adjust said litigation without the necessity of court action, it is hereby agreed by and between the parties hereto that the said Peter Swier does hereby and herein forever relinquish and release unto the said Otto Steineke and Annie Steineke all his right, title and interest in and to said contract for deed, and all his right, title and interest in and to the above described real estate.

"In consideration of said release and relinquishment by the said Peter Swier, the said Otto Steineke and Annie Steineke do hereby agree that if the said Peter Swier shall on or before the 1st day of December, A. D. 1921, pay to the said Otto Steineke and Annie Steineke all the money which shall on the day of said payment, or on said 1st day of December, 1921, be then due and owing, under the terms of said contract for deed, then the said Peter Swier shall have the right thereafter to continue making payments according to the terms of said contract in the same manner as though this agreement had not been made, and no breach of said agreement on the part of the said Peter Swier had occurred.

"It is further understood and agreed that the said Otto Steineke and 'Annie Steineke shall, by virtue of this agreement acquire absolutely no right, title or interest in and to any crops of any nature or description raised upon the said premises by the said Peter Swier during the year 1921.

"It is further understood and agreed and made a part of this agreement that the said Peter Swier shall vacate and surrender said premises not later than the 1st day of March, A. D. 1922, if before the 1st day of December, 1921 he shall have failed to make the payments then due and owing according to terms of said contract for deed, or unless he shall at said time have written

permission from the said Otto Steineke and Annie Steineke to continue occupancy of said premises, or the said Otto Steineke and Annie Steineke shall then have given to him a lease of said property.

"It is further understood and agreed and made a part hereof, that if the said Peter Swier shall remain in occupancy and possession of said premises after said 1st day of March, 1922, without having on or before December 1, 1921, paid to the said Otto Steineke and Annie Steineke the amount then due and owing according to the terms of said contract for deed, or without having the written permission of Otto Steineke and Annie Steineke, or without having obtained from the said Otto Steineke, and Annie Steineke a lease of said premises, then the said Otto Steineke and Annie Steineke may take judgment by default against the said Peter Swier in the action now pending between the parties in the circuit court of Minnehaha county, S. D., and said judgment may be taken without notice to the said Peter Swier, and said judgment may decree foreclosure of said contract for deed to become effective as of the date when said judgment shall be made."

Prior to the making of said settlement agreement, plaintiff and its assignor had filed mechanics' liens for the materials and labor for which respondent had judgment in this action, and thereafter, and while Swier remained in possession of said premises, respondent brought action against Swier and this appellant for the foreclosure of said liens, and, upon the trial of such foreclosure action, the court found, among other things, that there was then due and owing from Swier, to respondent substantially the amounts for which judgment was rendered in the present action, but that appellant herein was absent from the state of South Dakota while said buildings were being constructed and had no knowledge that such building was being done until long after its completion, and thereupon the court dismissed said foreclosure action, with costs to Steineke. No appeal from that judgment was taken, and thereafter the present action was commenced, and in its complaint, after setting up many of the matters hereinbefore referred to, respondent alleged that:

"On May 14, 1921, the defendant Steineke and Swier negotiated for and agreed upon settlement and adjustment of said liti-

gation without the necessity of court action; that they then and there mutually agreed that in consideration of said Swier relinquishing unto the said Steineke and wife, all his right, title and interest in and to the said contract, Exhibit A [the same being the contract of purchase and sale], and all his right, title and interest in and to all the lands and premises therein described, subject only to his remaining in possession of said premises for a limited time, the said Steineke promised and agreed to assume and pay the above-named amount and balance so then remaining due and owing to this plaintiff from the said Swier for the goods, wares and merchandise so sold and delivered to him by this plaintiff aforesaid, for the buildings and improvements so made to and upon the said lands and premises, and would release said Swier from payment of all interest then past due, and by him owing to him, said Steineke and from the payment of any and all further installments of principal and interest, specified in the said contract, Exhibit A, and from all further liability under the said contract. And for and in consideration of said Steineke's said promises to release him from the payment of said past-due interest and from the payment of any further installments of principal and interest under the said contract, and upon his promise to pay this plaintiff's account and claim aforesaid against him for said lumber and building materials, the said Swier did then and there in writing—'forever relinquish and release unto the said Otto Steineke and Annie Steineke, all his right, title and interest in and to said contract for deed, and all his rght, title and interest in and to the above-described real estate' [being all the real estate mentioned and described in the said Exhibit A], and such written relinquishment by said Swier was then and there accepted by said Steineke, and the full and complete possession of the said lands and premises were subsequently by said Swier, surrendered to and accepted by the defendant Steineke, under and in accordance with the terms of the aforesaid agreement between him and the said Swier."

The complaint contained similar allegations relating to the assigned claim for labor and alleged nonpayment. Appellant answered, denying any agreement to pay claims of respondent, and set up by copy the said settlement agreement which is, in part, quoted above, and he also alleged that the matters involved herein,

were conclusively adjudicated in favor of appellant in the lien foreclosure suit. Defendant Swier answered and, among other things, alleged that it was agreed by appellant that, in consideration of said Swier signing said settlement agreement, the said Swier would be relieved from all obligations and liabilities and indebtedness * * * on account of the buildings and improvements on said real estate, and that said Swier would not have signed said agreements, had not such promise been made by appellant to Swier.

Appellant relies upon 85 assignments of error and particularly contends (1) that no privity of contract was shown and that the evidence does not establish that the contract sued upon was made expressly for the benefit of respondent, as provided by section 808, R. C. of 1919; (2) that the matters involved are res adjudicata; and (3) that parol testimony was erroneously admitted with reference to appellant's alleged oral promise to pay the claims sued upon.

Defendant Swier and one other witness were allowed, over proper objection, to testify in effect that, during the negotiations which preceded and culminated in the execution of the settlement agreement, Swier demanded in settlement a return of a part of the money paid by him or an additional year's use of the real estate, but that this was refused; that thereupon appellant's attorney told Swier that appellant would have to pay the bills involved in this suit and that appellant would pay the same, if Swier would sign the settlement agreement, and that Swier did thereupon sign the same. The testimony of appellant and his then attorney was directly opposed to the testimony so received over appellant's objection. Was this evidence properly received? This is the crucial question to be determined on this appeal.

[1, 2] Section 860, R. C., which embodies the common-law rule is as follows:

"The execution of a contract in writing, whether the law requires it to be written or not, supersedes all the oral negotiations or stipulations concerning its matter, which preceded or accompanied the execution of the instrument."

This is an ancient rule, the reason for which is too apparent to warrant discussion. It has many well-recognized exceptions

and the determination of the applicability of the exceptions has led to some confusion. One exception frequently invoked is that recitals as to the consideration of a written instrument are not conclusive, and that it is competent to inquire into the consideration and show by parol or other extrinsic evidence what the real consideration was. This exception, however, has no application where the statement in a written instrument as to consideration is of a contractual nature and consists of a specific and direct promise to do certain things.

[3] The evidence shows that appellant and Swier spent considerable time in coming to an agreement and then reduced that agreement to writing, and this writing covers and includes everything necessary to a binding contract. Its covenants are mutual, and it sets out in detail the contractual obligations which each party assumes in consideration of the obligations assumed by the other. If the parties, under such circumstances, be permitted to show an alleged preliminary agreement, then, in most any case, either party under the guise of showing the true consideration might insert entirely new conditions into the contract.

[4] We believe that the rule supported by the great weight of authority, and which should be well understood and uniformly adhered to, is that where a contract which has been reduced to writing and executed by the parties is complete, clear, and unambiguous in its terms and contains mutual contractual covenants, or where the consideration, consists of a specific and direct promise to do or not to do certain things, this part of the contract, in the absence of fraud, mistake, or accident, cannot be changed or modified by parol or extrinsic evidence, nor can new terms be added to the contract, nor to the contractual consideration therein expressed, nor, where all these facts exist, may a party to a contract show that he was induced to sign the contract by the making of a prior or contemporaneous oral agreement, where such showing would be tantamount to adding to or subtracting from the contractual consideration expressed in the written contract. Cullen v. Spotts, 47 S. D. 339, 198 N. W. 708; 22 C. J. 1171; 10 R. C. L. 1044; Spiegel & Son v. Alpirn, 107 Neb. 233, 185 N. W. 415; Marks v. Twohy Bros. Co., 98 Or. 514, 194 P. 675; Jarnagin v. Edwards, 22 Ariz. 116, 194 P. 1097; Waggoner v. Magnolia Petroleum Co. (Tex. Civ. App.) 252 S. W. 865; Baker v. Horsley,

212 Ala. 181, 101 So. 830; Slump v. Blain et al., 177 Iowa, 239, 158 N. W. 491.   See, also, Manganese Steel Safe Co. v. Bank, 28 S. D. 426, 134 N. W. 886.

The holdings of this court relied upon by respondent are clearly distinguishable from the present case, and our attention has been called to none which are not in harmony herewith.

The following language used by this court in De Rue v. McIntosh, 26 S. D. 42, 127 N. W. 532, has been frequently quoted:

"And one of the exceptions seems to be that agreements or representations made prior to the written contract, under which the party was induced to sign the contract, may be shown; in other words, where the parol contemporaneous agreement was the inducing and moving cause of the written contract, or where the parol agreement forms part of the consideration for a written contract, and where he executed the written contract upon the faith of the parol contract or representations, such evidence is admissable."   Taylor v. White River Valley Ry. Co., 27 S. D. 528, 132 N. W. 152; Id., 29 S. D. 12, 135 N. W. 758; The Independent Harvester Co. v. Anderson, 45 S. D. 60, 186 N. W. 112; Cullen v. Spotts, 47 S. D. 339, 198 N. W. 708.

This rule, however, in the absence of fraud or mistake, should not be and by this court never has been extended to cases in which the written contract is complete and unambiguous and the consideration contractual in its nature.

It follows that appellant's motion for a directed verdict or for judgment, notwithstanding the verdict, should have been granted, and a consideration of the remaining assignments of error becomes unnessary.

The judgment and order appealed from are reversed, with instructions to dismiss the case upon its merits.

KNIGHT, Circuit Judge, sitting in lieu of DILLON, J.