MIDWAY FARMERS' WAREHOUSE CO., Respondent, v.
FOLEY, Appellant.

(213 N. W. 507.)

(File No. 6180.   Opinion filed April 23, 1927.)

1. **Evidence—Bills and Notes—Where Conditional Delivery of Note Was Shown by Collateral, Unambiguous Written Agreement, Contract Could Not Be Changed by Parol Evidence, in Absence of Fraud (Rev. Code 1919, § 860).**

   Where conditions attached to delivery of note were stated in written instrument, clear in its terms and containing mutual covenants, contract evidenced thereby could not, under Rev. Code 1919, § 860, be modified by parol or extrinsic evidence, in absence of fraud, mistake, or accident.

2. **Contracts—To Avoid Written Contract for Fraud, Fraud Affecting Its Legal Existence or Binding Force Must Be Pleaded and Shown.**

   Though great latitude of proof is allowed where fraud is alleged, litigant seeking to avoid written instrument on ground of fraud must nevertheless allege and prove fraud affecting instrument's legal existence or binding force.

3. **Contracts—Fraud—Party Asserting Has Burden to Show Fraud.**

   Burden of proof to show fraud in written instrument is on party alleging it.

4. **Contracts—Fraud in Written Contract Is Not Proved by Inconsistent Oral Statements.**

   Burden of proof to show written contract was fraudulent is not sustained by mere proof of oral statements inconsistent with contract as written.

5. **Corporations—Stockholder Executing Note to Corporation with Separate Agreement Providing Corporation Might Use Note if Necessary to Provide Funds Held Liable in Corporation's Suit Thereon; There Being No Fraud.**

   Stockholder, executing note to corporation and agreement, stating purpose of transaction, which provided corporation might use note to provide funds if necessary, and that stockholder agreed to pay same, held liable in corporation's suit thereon, where fraud was not shown.

6. **Trial—Where Evidence with Inferences Therefrom Is Such that Verdict Returned for One Party Must Be Set Aside, Court May Direct Verdict for Other Party.**

   Where evidence given at trial with all reasonable inferences is insufficient to support verdict for one party so that such verdict if returned would have to be set aside, court may direct verdict for other party.

Note.—See, Headnote (1), American Key-Numbered Digest, Evidence, Key-No. 402, 22 C. J. Sec. 1459; (2) Contracts, Key-No. 346(2), 13 C. J. Secs. 894, 963; (3) Contracts, Key-No. 99(1), 13 C. J. Sec. 934; (4) Contracts, Key-No. 99(3), 13 C. J. Sec. 979; (5) Corporations, Key-No. 186, 14 C. J. Sec. 1329; (6) Trial, Key-No. 142, 38 Cyc. 1565, 1571.

On admissibility of parol evidence to show that bill or note was delivered upon condition, see annotation in 18 L. R. A. (N. S.) 288; L. R. A. 1917C, 306; 10 R. C. L. 1053; Jones Commentaries on Evidence, 2nd Ed., Vol. 3, pg. 2761.

On admissibility of parol evidence to show that instrument was obtained by fraud, see 10 R. C. L. 1058; 2 R. C. L. Supp. 1146; 5 R. C. L. Supp. 585; 6 R. C. L. Supp. 636.

As to burden of proof to show fraud on party alleging fraud, see 10 R. C. L. 898; 2 R. C. L. Supp. 1102; 4 R. C. L. Supp. 677; 5 R. C. L. Supp. 570; 6 R. C. L. Supp. 627.

For extended discussion and annotations on direction of verdict, see Bancroft's Code Practice and Remedies, Vol. 3, pg. 1904.

Appeal from Circuit Court, Lake County; HON. L. L. FLEE-GER, Judge.

Action by the Midway Farmers' Warehouse Company against John C. Foley. From a judgment for plaintiff and an order denying defendant's motion for new trial, defendant appeals. Affirmed.

*R. J. Lyons,* of Madison, and *Kirby, Kirby & Kirby,* of Sioux Falls, for Appellant.

*Ira F. Blewitt,* of Madison, for Respondent.

MISER, C. This is a suit on a promissory note given by a stockholder in the plaintiff corporation, the terms and conditions of the delivery of which are stated in a contemporaneous contract signed therewith. In the complaint, facts were alleged showing estoppel on the part of the defendant to deny liability. The defense was based on misrepresentation in obtaining the note and on conditional delivery thereof.

On May 12, 1921, defendant and appellant, Foley, executed a promissory note for $500, due December 31, 1922. As a part of the transaction, he signed the following contract, which, with the note, he delivered on that day to the plaintiff:

"Whereas, the Midway Farmers' Warehouse Co., of Junius, S. D., is in need of money to pay its outstanding indebtedness and to carry on its business, and; whereas, John C. Foley is a stock-

19—Vol. 51, S. D.

holder of said company and is interested in said co-operation and in the maintenance of said elevator:

"For and in consideration of the benefits to be derived therefrom and for the purpose of providing funds for said elevator company the said John C. Foley has this day executed and delivered to said elevator company his note in the sum of five hundred dollars ($500.00), payable December 31, 1922, after date with interest at 9 per cent per annum, payable annually; it being agreed and understood between the said elevator company and its officers and the said John C. Foley that said note is given to finance said corporation and to enable said elevator company to secure credit, and that all moneys and credits secured by virtue of this note is to be paid, principal and interest, out of the earnings of the said elevator company, if possible; but it is further understood that said John C. Foley hereby authorizes said elevator company, in case it is found necessary to provide funds for said elevator company to use said note, and he hereby agrees to pay the same.

. "Dated at Junius, South Dakota, this 12th day of May, 1921.

"Midway Farmers' Warehouse Co.,
"Per David Pulford.
"John C. Foley."

A total of 32 notes and contracts were obtained from stockholders and those interested in the maintenance of the elevator. Thereafter, it was found vitally essential, in order to continue the business of the company, and to avoid its being closed down by its creditors, to use the credit obtained thereby. While this note and the 31 like notes were never negotiated, they were shown to commission companies to which the elevator was indebted, and moneys were advanced by other stockholders and notes signed by the officers of the company on the strength thereof.

The evidence shows that Foley read part, and was given every opportunity to read all, of the contract at the time he signed it, and a copy of it was left with him. He said he would have understood it had he read it. He had bought and sold a good deal of property. He was a farmer living three miles from this elevator, a stockholder in and a patron of it.   .

At the conclusion of the testimony given at the trial, respondent moved for a directed verdict on the ground that there had

been no sufficient evidence of fraud to justify submitting the case to the jury, which motion was by the court granted; and this appeal is from the judgment rendered thereon and from the order of the court denying the motion for a new trial.   Defendant's contention on appeal is that the court erred in directing a verdict, and that the case should have been submitted to the jury, first, because of the false representations made to the defendant upon which he relied; second, because the note and contract were delivered upon the condition that they would not be effective and would be returned to the defendant unless 32 such contracts and notes were received from the stockholders of the company.

[1]   As to the defense of conditional delivery of the note, the contract which was signed contemporaneously therewith confirms appellant's contention that the note was delivered conditionally.   Furthermore, an examination of the contract discloses that the conditions of delivery are stated in that contract, which is complete, clear, and unambiguous in its terms and contains mutual contractual covenants, and therefore a contract such as cannot be changed or modified by parol or extrinsic evidence, in the absence of fraud, mistake or accident.   Farmers' Elevator Co. of Colton v. Swier et al, 50 S. D. 436, 210 N. W. 671, 673, and cases cited therein.

But appellant alleges in his answer that this contract was made by him by reason of fraud practiced upon him by respondent corporation; and it is true that:

"As fraud vitiates everything which it touches, parol evidence is always admissible to show, for the purpose of invalidating a written instrument, that its execution was procured by fraud, or that, by reason of fraud, it does not express the true intentions of the parties."   22 C. J. 1215.

And, to the same effect, see 10 R. C. L. 1058.   Or, as this court said in Rochford v. Barrett, 22 S. D. 83, 115 N. W. 522:

"Evidence tending to prove fraud in obtaining a written instrument is always admissible, not for the purpose of varying or contradicting the terms of the instrument, but to prove that such instrument has no legal existence or binding force."

[2]   Defendant produced much evidence which, if not inadmissible on the ground that it violated section 860, Rev. Code, tended to prove that he made a very different contract from the one which

he signed; but he neither alleges nor proves fraudulent misrepresentation of its contents as his reason for signing the contract which was so different from the contract which he says he made; and among the nine false and fraudulent statements which defendant in his answer alleges as the inducing causes for signing a note and a contract whose specific terms and conditions they either contradict or add to, there is not one which indicated that he was fraudulently prevented from reading it, or which affects its legal existence or binding force. It is true that, where fraud is alleged, as in the defendant's answer, great latitude of proof is allowed. It is also true that, upon sufficient allegations of fraud, proof is admissible to show that an instrument has no legal existence, despite the fact that such proof may also tend to vary the terms of a written instrument. But these rules do not relieve a litigant who would escape the consequences of his written contract on the ground of fraud from alleging fraud affecting its legal existence or binding force or from the proving the fraud alleged. We have, then in the case at bar, a defense of conditional delivery, which conditional delivery is fully and clearly set forth in a written contract, which, under section 860, Rev. Code, precludes oral testimony of prior negotiations. We have fraud set up as a defense, but each alleged misrepresentation likewise covered by the written contract. One looks in vain to the answer for an allegation of fraud in obtaining appellant's signature to the contract such as would vitiate the contract and open the door for oral testimony affecting the existence of such contract or its binding force, nor does one find in the evidence proof of such fraud.

[3, 4] If the contract regarding the delivery of defendant's note was as he now claims it to have been, such contract should have been evidenced by a writing which truly expressed its terms, and not by an instrument of very different import; having put his name to such contract, however, it is incumbent upon defendant to show that his signature was obtained by fraud; this burden on the defendant is not sustained by mere proof of oral statements inconsistent with his written contract.

[5, 6] The defendant having failed to sustain either the defense of conditional delivery or fraud, the judgment should be affirmed; for, as was said in McKeever v. Homestake, 10 S. D. 599, 602, 74 N. W. 1053:

"It is the settled law of this state that when the evidence given at. the trial, with all inferences that the jury could justifiably draw from it, is insufficient to support a verdict for the plaintiff, so that such a verdict, if returned, must be set aside; the court is not bound to submit the case to the jury, but may direct a verdict for the defendant."

This view of the case makes it unnecessary to consider respondent's claim that appellant is estopped by reason of his conduct to deny his liability on his note; nor is it necessary to consider the alleged error in excluding evidence which, if not excluded, would not have supplied the deficiencies in defendant's allegation and proof of fraud in obtaining the written contract.

The order and judgment appealed from are affirmed.

CAMPBELL, P. J., and GATES, POLLEY, SHERWOOD, and BURCH, JJ., concur.