JAMES VALLEY BANK, et al, Respondents, v. RICHARDS, et al, Appellants.

(219 N. W. 560.)

(File No. 6104. Opinion filed May 19, 1928.)

598

*George E. Longstaff,* of Huron, for Appellant.

*Buell F. Jones,* of Britton, and *Null & Royhl,* of Huron, for Respondents.

BROWN, J.   Since May 20, 1902, James Valley Bank has been the owner of lots 15 and 16 in block 10 in the city of Huron, and during that time defendant Richards and Richards Trust Company (the name of which has been changed to Standard Trust

Company) have occupied three rooms and vault space in the building situated on the east 28 feet of lot 15. On January 8, 1924, James Valley Bank suspended, and was taken over by the superintendent of banks for the purpose of liquidation. In September, 1925, this action in forcible entry and detainer was commenced in the municipal court of the city of Huron. Defendants answered, alleging, in substance, that lots 15 and 16 were purchased by Richards and another who were promoting the organization of the bank, and that the lots were conveyed to the bank on May 20, 1902, upon an oral agreement forming part of the consideration, that defendant Richards should have a right to occupy the three rooms and vault space as long as he cared to occupy the same, at. a monthly rental of $15, and, by way of counterclaim alleging these facts, demanded that the deed be reformed so as to express the true consideration, and, claiming that reformation constituted an equitable counterclaim, demanded that the cause be certified to the circuit court. Plaintiffs demurred to the answer and counterclaim, and also made a motion to strike from the answer and counterclaim paragraphs 4 to 12, which constituted the whole of the answer setting up any form of defense whatever. The court sustained the demurrer and motion, and defendants refusing to plead further, the court made findings in conformity with the allegations of the complaint, and entered judgment that plaintiffs have immediate possession and occupancy of the premises, and from this judgment defendant Richards appeals.

█ The court did not err in striking out the counterclaim. There was no need of a reformation of the deed to show the true consideration. The consideration recited in the deed was "$1 and other valuable consideration." Under such a recital the true consideration or any other consideration, in addition to that expressed, may be shown by oral evidence without the necessity of any reformation of the contract. 22 C. J. 1160.

██ If it be conceded that the oral agreement that Richards might occupy the premises as long as he cared to at $15 a month was so far performed as to take it out of the statute of frauds, still, no lease or grant of any city lot for a longer period than 20 years, in which there is reserved any rent, is valid. Code, § 296. Since appellant's occupancy began in 1902, and an agreement that he might occupy as long as he wished could not give a

longer right of occupancy that 20 years, his lease would expire in 1922, and thereafter he would be holding over as a tenant at will. Even if he had had a written lease for 50 years, or for such length of time as he might choose to occupy, such lease would not be valid for a longer period than 20 years. Appellant's counsel indeed contends that the lease for such time as he chose to occupy created a tenancy at will, but contends that such a tenancy could only be terminated by the lessee, and cites cases in Ohio and Pennsylvania holding that, under such a tenancy, the lessee, his heirs and assigns, can hold the land at the agreed rent as long as they desire, but those cases can have no force here, in view of the statutory provisions governing the subject that are contained in our code. Section 332 provides that a tenancy or other estate at will, however created, may be terminated by the landlord giving notice to the tenant to remove from the premises within a period specified in the notice of not less than one month. It is alleged in the complaint that appellant's lease terminated on July 1, 1925, and that legal notice to quit was served more than three days prior to the commencement of the action. Nothing in the answer controverts these allegations, except as they may be controverted by the claim of lease which, as we have shown, could not in any view be held to have lasted longer than 20 years from the commencement of the occupancy.

We conclude that the court did not err in either sustaining the demurrer or in striking out paragraphs 4 to 12, inclusive, in the answer. The judgment is affirmed.

POLLEY and SHERWOOD, JJ., concur.

CAMPBELL, J., concurs in result.

BURCH, P. J., not sitting.