ROCKFORD MILLING MACHINE CO., Respondent,
v. LAUGHLIN, Appellant.

(227 N. W. 374.)

(File No. 6519. Opinion filed November 8, 1929.)

*Kelley & Luby,* of Huron, for Appellant.
*Peterson & Peterson,* of Huron, for Respondent.

MISER, C.  One Nelson, agent of respondent, Rockford Milling Machine Company, took appellant's order for an adding machine.  At the same time, Nelson bought from appellant supplies for his automobile, amounting to $20.50, and credited that amount on the order.  The written order, signed by appellant, directed the entry of an order for a Sundstrand adding machine, "delivered transportation charges prepaid," for which appellant agreed to pay $225, less the credit of $20.50 and a 2 per cent discount of $4.50 if paid in 10 days.  Printed in colors in this order, of which appellant received and read a copy, was the following:

"This contract covers all agreements, expressed or implied, between the undersigned purchaser, and the Rockford Milling Machine Company."

The copy handed to appellant was produced by him at the trial.  Respondent delivered to appellant by express, transportation charges prepaid, a machine in good condition, in a box labeled "Rockford Milling Machine Company."  All that was needed to prepare it for use was to unbolt it from the box in which it came, unwrap it, screw on the feet, and set it on the cash drawer.  In the office next to appellant's was one just like it, which Nelson showed appellant at the time of taking the order, and which appellant saw almost every day.  The box was kept by appellant 90 days without being opened, and then returned to respondent by express.  Respondent refused to receive it, and, upon appellant's refusal to pay, brought suit for the price.

On the trial, appellant was permitted to testify—over respondent's objection that it was an attempt to vary by parol evidence the terms of a written instrument—that, when he signed the order, it was agreed that Nelson was to set up the machine and show him how to run it; that Nelson took the original of the order to keep until he set up the machine, when the order would become effective; that Nelson said he would be at appellant's garage occasionally, and, if appellant should have any trouble with the machine, he would help him with it, and, if he did not like the machine after trying it out, he would take it back.  Although the foregoing oral testimony was received over respondent's objection, at the conclusion of all the evidence, respondent's motion for a directed verdict for the balance of the purchase price was granted.  This appeal is from the judgment entered thereon, and from the order denying motion for new trial.

If all the oral negotiations or stipulations concerning its matter, which preceded or accompanied the execution of the contract, were excluded from the evidence, under section 860, Rev. Code 1919, there would remain only the contract, and evidence of its execution by appellant, with full knowledge of its terms and without fraud, and its unconditional delivery to the agent of respondent, and evidence that respondent fulfilled its contractual obligation. While it was erroneous to admit oral evidence to vary the terms of this written contract, it was not error to later disregard the evidence so improperly admitted in considering the motion to direct a verdict.

Section 41, c. 355, Laws 1921, being section 41 of the Uniform Sales Act, is as follows: "It is the duty of the seller to deliver the goods, and of the buyer to accept and pay for them, in accordance with the terms of the contract to sell or sale." Respondent having delivered the machine at appellant's place of business, "transportation prepaid," in accordance with a written contract "which covered all agreements, expressed or implied," between appellant and respondent, complete, clear, and unambiguous in its terms, and executed without fraud, it became appellant's duty to pay for the machine in accordance with the terms of sale. Farmers' Elevator Co. v. Swier, 50 S. D. 436, 210 N. W. 671, 673; Farmers' Warehouse Co. v. Foley, 51 S. D. 288, 213 N. W. 507. Motion for verdict for the unpaid balance was properly directed.

The judgment and order appealed from are affirmed.

SHERWOOD, P. J., and POLLEY, CAMPBELL, BURCH, and BROWN, JJ., concur.