SMITH, Superintendent of Banks, Respondent, v. SHIELDS, Appellant.

(230 N. W. 26.)

(File No. 6631.   Opinion filed March 31, 1930.)

*Irvin H. Myers,* of Watertown, for Appellant.

*Perry F. Loucks,* of Watertown, and *T. B. Thorson,* of Pierre, for Respondent.

MISER, C.   On May 21, 1919, Catherine Shields, defendant and appellant herein, agreed in writing to convey to Cecil Rice a residence lot in Watertown on payment of $1,850 in monthly installments of $15 and accrued interest.   Seventeen days later, Rice assigned his interest in this contract to Frank C. Tenney.   On January 27, 1920, Tenney, as party of the first part, entered into a written contract with A. F. Hilts, party of the second part.   It recites:

"In consideration of the sum of Four Hundred Dollars cash, and a promissory note for Eight Hundred Fifty-five Dollars made payable six months after date," Tenney "agrees to assign to" Hilts "all right and title to" the premises in question.

The agreement proceeds:

"Party of the second part agrees to keep up all payments each month on contract for deed, which said contract party of the first part now holds of aforesaid property, and which contract calls for the payment of a balance of Seventeen Hundred Forty-five Dollars, payable in monthly instalments of Fifteen Dollars and interest on the principal sum. Payments to be made on the first day of each month beginning February 1, 1920, to F. E. Tenney, agent for the party of the first part.

"Party of the second part agrees to assume all obligations of the party of the first part in said contract.

"Upon payment of the aforesaid principal note of Eight Hundred Fifty-five Dollars, party of the first part agrees to assign to the party of the second part all his right and title to the contract for deed to the aforesaid property."

Hilts paid the $400 in cash, executed and delivered the note for $855, took possession of the property, and made the payments due Mrs. Shields from January, 1920, until in April, 1926. He then paid to Mrs. Shields $692.02, the balance of the contract price, which was obtained by mortgaging the premises; and at his request Mrs. Shields executed a deed to his wife.

Respondent alleges in his complaint that

"Tenney endorsed and transferred to the Dempster State Bank the said note of $855, and that the said * * * Bank became the owner and holder of said note for value, and became thereby the owner of all the rights, title and interest of said Frank C. Tenney in and to said contract for deed, and that the said A. F. Hilts on the 15th day of June, 1923, * * * duly executed and delivered to the Dempster State Bank a renewal note in * * * the sum of $1038 with interest at * * * ten per cent. * * * That * * * following the suspension of * * * Dempster State Bank * * * Frank C. Tenney sold, assigned and transferred to plaintiff all his right, title and interest in said contract for deed, and also in said agreement made between Frank C. Tenney and A. F. Hilts January 27th, 1920, and that the plaintiff received said formal assignment

\* \* \* on or about the 15th day of June, 1925, and \* \* \* immediately \* \* \* notified \* \* \* defendant in writing that he had become the owner and holder by assignment of said contract for deed. \* \* \*

"That notwithstanding the notice \* \* \* defendant \* \* \* executed and delivered \* \* \* to \* \* \* the wife of \* \* \* Hilts, a warranty deed [to] \* \* \* said premises \* \* \* and \* \* \* did wholly deprive plaintiff of the security held by plaintiff by the assignment of said contract for deed. \* \* \*

"Wherefore \* \* \* plaintiff demands judgment \* \* \* for $1,-333.80" (the amount of the note for $1,038 with 10 per cent interest).

It appears, therefore, from respondent's complaint, that he sought to recover from Mrs. Shields the amount with interest of the Hilts note of $1,038 to the Dempster State Bank, not because Mrs. Shields was in any way obligated on the note, but because she rendered valueless respondent's security by executing to Mrs. Hilts the warranty deed. No point is made in this appeal of whether respondent was actually damaged by the delivery by Mrs. Shields of a deed to Mrs. Hilts, at the request of Hilts, who, because he was a party to it, had full knowledge of the contract heretofore set out between himself and Tenney. At the conclusion of the testimony, the court instructed the jury to return a verdict for respondent for the value of the premises less the final payment of $692.02. This appeal is from the judgment entered on such verdict and from the order denying motion for new trial.

Appellant assigns as error the exclusion of the oral testimony of Hilts that the note for $855 was part of the $1,785 balance on the contract at the time of the signing, and therefore, the balance having been paid, the note was also paid. Appellant contends that, inasmuch as she was a stranger to the written contract between Tenney and Hilts, she was not bound by the rule of section 860, R. C. 1919, that a writing supersedes all oral negotiations concerning its matter. The authorities she cites do not prove her contention. Neither can we agree with respondent's contention that the opinion of this court in Haag v. Burns, 22 S. D. 51, 115 N. W. 104, is decisive that oral testimony is not admissible. In Haag v. Burns, the contract was "complete, clear and unambiguous," conforming to the requirement of Farmers' Elevator Co. v. Swier,

50 S. D. 436, 210 N. W. 671, and Midway Farmers' Warehouse Co. v. Foley, 51 S. D. 288, 213 N. W. 507.

However, we are of the opinion that the judgment must be reversed because the evidence does not justify the instructed verdict. Certainly Hilts had made all the payments due to Mrs. Shields. Had he also paid the $855 note, on the payment of which he was entitled, as an assignee of the Shields-Rice contract, to demand a deed?

This $855 note was not offered in evidence. We do not know what became of it; what, if any, interest it bore; what, if any, payments had been made thereon; when Tenney indorsed it to the bank or how; whether the payments thereon, if any, corroborated appellant's contention that its amount was a part of the balance of $1,745 unpaid on the contract when Tenney and Hilts made their agreement. In instructing the jury to return a verdict for respondent superintendent of banks, the trial court said: "That thereafter on June 15, 1923, A. F. Hilts * * * executed and delivered to the Dempster State Bank * * * *in settlement of said preceding note for* $855 his certain promissory note * * * to the Dempster State Bank [for] $1,038.00."

But respondent's witness, who had prepared the note for $1,038 which Hilts executed and delivered on June 15, 1923, testified that, in exchange for this note for $1,038, he handed Hilts another note of his for "nine hundred and some odd dollars" bearing interest at 10 per cent, payable to Dempster State Bank. In a so-called formal assignment executed by Tenney and by the examiner in charge of the Dempster State Bank, it is solemnly asserted that the note for $855 "has been renewed from time to time by said bank." The note for $855, given by Hilts to Tenney, was dated January 27, 1920. The note for $1,038, given by Hilts to the bank, was dated June 15, 1923. The bank failed and the examiner took charge in December, 1923. The formal assignment was executed on June 15, 1925. Inasmuch as Tenney was not a party to the $1,038 note and the examiner in charge had nothing to do with its procurement, neither stated that the $1,038 note was a renewal of the $855 note. No one so testifies. No one testified that the note for $855 was unpaid. Hilts was not permitted to testify that it represented part of the $1,745 balance on the Shields-Rice contract. Mrs. Shields testified, though the testimony was stricken,

that, before she delivered Hilts the deed, he told her he had the note.

Whether the entire written agreement between Tenney and Hilts was before the court in the absence of the note for $855, which appellant pleaded and sought to prove was part of the $1,745 balance, we do not decide. The question is not properly raised.

Because respondent has not proven facts sufficient to warrant the directed verdict, the judgment and order must be reversed.

BROWN, P. J., and POLLEY, SHERWOOD, and BURCH, JJ., concur.

CAMPBELL, JJ., concurs in result.