KAUL et al., Respondents v. MEISENHOLDER et al., Appellants

(72 N.W.2d 310)

(File No. 9508. Opinion filed October 12, 1955)

**Davenport, Evans, Hurwitz, & Smith, Robert C. Heege,** Sioux Falls, for Defendants and Appellants.

**Morgan & Fuller,** Mitchell, **Robert Hirsch,** Tripp, for Plaintiffs and Respondents.

RUDOLPH, P.J. In this action plaintiffs seek a decree of the court adjudging that they are the owners of a five-eighths interest in certain real property. The trial court determined plaintiffs are the owners of the property and defendants have appealed.

The facts° as found by the trial court are as follows: August Weisser died in Tripp County on January 4, 1951. He was survived by his wife, Karolina, six daughters and two sons. August left no will and under the laws of succession the surviving widow inherited one-third of the property and each of the children one twelfth. A family conference was held following the death of August and it was agreed that the eight children would transfer their interest in the property to their mother for her use as long as she

should live provided that at her death all the property which the mother had not used and which she then owned should descend to the children if such property had not been equally divided among the children prior to the mother's death. To perform their part of this agreement the children executed and delivered to the mother a warranty deed, statutory in form, transferring this property to her. The consideration recited in the deed is one dollar and other valuable and sufficient consideration. After receiving the deed from the children, the mother failed to perform her part of the agreement in that before her death she conveyed to her two sons and one daughter the real property here involved. The plaintiffs in this action are the five daughters who are claiming a five-eighths interest in the real property under the agreement made by the mother and the eight children following the father's death.

There is but one issue raised in this appeal. Appellants contend that the agreement by the mother to divide such property as remained at her death equally among all the children being in parol cannot be considered for the purpose of qualifying the rights of the mother under the deed which she received from the children.

It should be pointed out in the first instance that no rights of innocent third persons are involved. The plaintiffs are simply attempting to enforce an agreement to which the defendants were also parties.

Under the findings of the trial court the consideration passing to the children for the execution and delivery of the deed to the mother was the mother's agreement to have the children share equally in her property at her death. The rule in this state, as set forth in the case of Farmers' Elevator Co. of Colton v. Swier, 50 S.D. 436, 210 N.W. 671 is that recitals as to consideration in a written instrument are not conclusive and it is competent to inquire into the consideration and show by parol or other extrinsic evidence the real consideration. However, this rule has no application where the statement in a written instrument as to consideration is of a contractural nature and consists of a specific and direct promise to do certain things.

■ The facts in the case of Moncur v. Jones, 72 S.D. 202, 31 N.W.2d 759, 764, brought that case squarely within the exception to the rule as above stated. In that case the defendant "assumed the position that the writing is to be enlarged so as to include a consideration refuted by the very terms of the writing." The plaintiffs here take no such position. The only consideration recited in the deed is one dollar and other valuable and sufficient consideration. There is nothing in the oral evidence which refutes the consideration recited in this deed. Such evidence only amplifies and explains the recited consideration. This court on a prior occasion has held that under a recital of consideration in a deed similar to the recital in this deed "the true consideration or any other consideration, in addition to that expressed, may be shown by oral evidence. * * *" James Valley Bank of Huron v. Richards, 52 S.D. 597, 219 N.W. 560, 561.

■ We are of the opinion that the trial court properly considered the oral evidence in deciding this case. Such opinion is not only · supported by our decisions but the Michigan court confronted with an almost identical state of facts to those presented in this case ruled as did the trial court. That court based its decision upon the same rules as announced in our cases, which seem to have general approval. Ruch v. Ruch, 159 Mich. 231, 124 N.W. 52.

The judgment appealed from is affirmed.

All the Judges concur.