Lyle McCOLLAM, Plaintiff and Appellee,

v.

Reuben LITTAU, Defendant and Appellant.

No. 13168.

Supreme Court of South Dakota.

Argued Feb. 11, 1981.

Decided June 17, 1981.

Dudley R. Herman of Herman & Wernke, Gregory, for plaintiff and appellee.

Donald E. Covey, Winner, for defendant and appellant.

FOSHEIM, Justice.

This is an action in which appellee McCollam sought rescission of a land sale contract and appellant Littau counterclaimed for specific performance, recovery of his down-payment, interest, and punitive damages. The trial court denied appellant's motion for summary judgment and entered summary judgment in favor of appellee. We reverse and remand.

In August of 1978, appellee entered into a listing agreement with a real estate broker in order to sell four quarter sections of land situated in Tripp County, South Dakota. The broker contacted appellant with regard to purchasing the land or a part of it. Appellant secured financing in order to purchase one of the quarters but, because it was heavily encumbered, he indicated to the broker that he would withhold an offer until the remaining three quarters were sold.

On October 9, 1978, in reliance upon representations by appellee's agent that the other three quarters of land had been sold, appellant executed a uniform purchase agreement to buy the remaining quarter and delivered $1,000.00 earnest money. Several days later, the agent informed ap-

pellant that the total offer would have to be increased by $1,000.00 to be acceptable. Appellant agreed, and on October 13, 1978, appellee accepted appellant's offer to purchase. On November 24, however, appellee repudiated appellant's offer and subsequently refused to perform. Failure of the prospective purchasers of the other three quarters to secure financing apparently prompted the change of mind. This action followed.

Appellant contends the trial court erred in considering parol evidence of his knowledge that his contract to purchase was conditioned upon the sale of the other three quarters. We agree.

Our common law parol evidence rule is codified in SDCL 53–8–5:

The execution of a contract in writing, whether the law requires it to be written or not, supersedes all the oral negotiations or stipulations concerning its matter which preceded or accompanied the execution of the instrument.

It is true that where a contemporaneous parol agreement was the inducing and moving cause of the written contract and where the contract was executed upon the faith of the parol agreement, such evidence is admissible. *De Pue v. McIntosh*, 26 S.D. 42, 127 N.W. 532 (1910). "This rule, however, in the absence of fraud or mistake, should not be and by this court never has been extended to cases in which the written contract is complete and unambiguous and the consideration contractual in its nature." *Farmers' Elevator Co. v. Swier*, 50 S.D. 436, 443, 210 N.W. 671, 673 (1926). In the present case, there is no allegation of fraud or mistake; the trial court, however, apparently found the language of the contract to be ambiguous and stated that parol evidence was admissible for the purpose of showing that the written contract was but part of a larger transaction.

In reviewing the trial court's determination that the contract was ambiguous, this Court " 'can read the [contract] for [itself] without the presumption in favor of the trial court's determination.' " *North*

*River Insurance Co. v. Golden Rule Construction, Inc.*, 296 N.W.2d 910, 912–13 (S.D. 1980), quoting *Teigen Construction, Inc. v. Pavement Specialists, Inc.*, 267 N.W.2d 574, 577 (S.D.1978). The contract in question here is clear on its face and contains no ambiguity whatsoever concerning any essential term of the contractual undertaking. Moreover, the instrument is devoid of reference to any other transaction that performance was to be conditioned upon. In view of the clear and unambiguous nature of the purchase agreement, it was error for the trial court to consider evidence of prior or contemporaneous negotiations or agreements. Whether impossibility of performance may result in a discharge of appellee's duty to perform is an issue that remains to be determined.

The judgment of the trial court is reversed and the case is remanded for proceedings consistent with this opinion.

All the Justices concur.