**LANNING CONSTRUCTION, INC.,**
**Plaintiff and Appellant,**

v.

**E. E. ROZELL, Defendant and Appellee.**

**No. 13397.**

Supreme Court of South Dakota.

Considered on Briefs Oct. 28, 1981.

Decided June 9, 1982.

Carleton R. Hoy and Sarah Richardson of Davenport, Evans, Hurwitz & Smith, Sioux Falls, for plaintiff and appellant.

John F. Murphy of Donley & Murphy, Elk Point, for defendant and appellee.

FOSHEIM, Justice.

Appellant brought this action to recover for work performed for appellee. The jury awarded appellant $2,400. Appellee's motion for judgment notwithstanding the verdict was granted and a judgment was entered accordingly. This appeal is from the order and judgment notwithstanding the verdict. We affirm.

Appellant is a family corporation that operates heavy equipment to clear land and do earthwork. The firm's two full time employees, who also operate the equipment, are the president, Ronald J. Lanning, and

his son, Daniel J. Lanning, the vice president. Both corporate officers had numerous conversations with appellee about clearing and sloping 60 acres of appellee's farmland along the Missouri River. The parties subsequently entered into a contract whereby appellant agreed to clear appellee's land for $300 per acre or a total price of $18,000.[1]

Appellant's complaint asked for a recovery of $2,953.50 for sloping the land, claiming that this was extra work in addition to the contract work.[2] Appellant contends there was credible evidence of an independent oral contract supporting the verdict. The court instructed the jury to determine whether appellant's claimed extra work was outside of the written contract, and if so, whether the parties had specifically agreed that appellant was to be paid for such extra work over and above the written contract's consideration.

 It is, however, for the court to determine the preliminary question of whether the parties intended to have the written contract supersede the alleged oral agreement. *Harrison v. Soffer*, 221 Pa.Super. 275, 289 A.2d 752 (1972); *Gianni v. R. Russel & Co.*, 281 Pa. 320, 126 A. 791 (1924);

Restatement (Second) of Contracts §§ 209(2), 210(3) (1981); 3 A. Corbin, Corbin on Contracts § 595 (1960) [cited herein as *Corbin*]; McCormick, The Parol Evidence Rule as a Procedural Device for Control of the Jury, 41 Yale L.J. 365 (1931–32); see *Barnes v. Hill City Lumber Co.*, 34 S.D. 158, 147 N.W. 775 (1914).[3] To determine this preliminary question the court may examine extrinsic evidence of the circumstances surrounding the making of the agreement. IX J. Wigmore, Evidence, § 2430 (Chadbourn rev. 1981) [cited herein as *Wigmore*]; Corbin § 582; 4 S. Williston, A Treatise on the Law of Contract, § 633 (3rd ed. 1961) [cited herein as *Williston*]; see *Unke v. Thorpe*, 75 S.D. 65, 59 N.W.2d 419 (1953); compare *Farmers Elevator Co. v. Swier*, 50 S.D. 436, 210 N.W. 671 (1926) and *Eggers v. Eggers*, 79 S.D. 233, 110 N.W.2d 339 (1961) with *Janssen v. Tusha*, 66 S.D. 604, 287 N.W. 501 (1939) and *McCollam v. Littau*, 307 N.W.2d 144 (S.D.1981). In examining these circumstances to determine whether the written agreement supersedes any oral agreement the Court must determine whether the writing concerned itself with

---

1. The contract, prepared by the parties apparently without any legal advice, provided as follows:

CONTRACT
AGREEMENT BETWEEN LANNING CONSTRUCTION, INC. AND ERNEST ROZELL-landowner.
Lanning Construction, Inc. agrees to clear 60 acres of timber for Ernest Rozell for the price of $300.00 per acre. The total price of clearing —$18,000.00, will be due and payable to Lanning Construction, Inc. on December 1st, 1980. Lanning Construction, Inc. will take down all trees and remove all shrubbery by machine (no hand picking up of small sticks) and pile into windrows.
The work will be completed by spring planting time (1980) weather conditions allowing.
Ernest Rozell agrees to help Ronald J. Lanning operating as Lanning Construction, Inc. secure money from the First National Bank of Sioux City, Iowa to be used for operating expenses while clearing the land. Ronald J. Lanning will pay any and all interest on said money.
Lanning Construction, Inc. will have full rights to all logs and firewood which said company will take from the cleared 60 acres.
 Date_____
/s/ Ronald J. Lanning
Lanning Construction, Inc.

/s/ E. E. Rozell
/s/ Dan Lanning Witness

2. Appellant's sole theory of recovery was that there was an express contract. The complaint alleged as follows:
I.
That on January 24, 1980, Plaintiff and Defendant entered into a contract, copy of which is attached as Exhibit "A".
II.
That thereafter, Plaintiff performed extra work, outside of and in addition to said contract, see Exhibit "B" attached.
III.
That Defendant owes Plaintiff the sum of $2,953.50, together with interest and costs herein.

3. Because the evidence conflicted, the fact question for the jury was only whether the parties had made any oral agreement. *Corbin* and *Wigmore* acknowledge the paradox of receiving evidence of the oral negotiations and agreements and the surrounding circumstances to determine whether to exclude them as having been superseded by a written contract. *Corbin* § 582 at 450; *Wigmore* § 2430.

the same matter as the oral negotiations or stipulations did. See SDCL 53–8–5; *Wigmore.*

When does the oral agreement come within the field embraced by the written one? This can be answered by comparing the two, and determining whether parties, situated as were the ones to the contract, would naturally and normally include the one in the other if it were made. If they relate to the same subject-matter, and are so interrelated that both would be executed at the same time and in the same contract, the scope of the subsidiary agreement must be taken to be covered by the writing. This question must be determined by the court.

*Gianni v. R. Russel & Co.*, 126 A. at 792; *see Seitz v. The Brewers Refrigerating Machine Co.*, 141 U.S. 510, 12 S.Ct. 46, 35 L.Ed. 837 (1891); *Kindley v. Williams*, 76 S.D. 225, 76 N.W.2d 227 (1956); *Taylor v. More*, 195 Minn. 448, 263 N.W. 537 (1935); *Corbin* § 583; *Williston* § 638.

When we review the circumstances surrounding the making of this agreement it appears the parties had always discussed both the clearing and the sloping as the work that was to be done. Daniel Lanning testified that the steepness of the river banks made the land unsuitable for farming. Ronald Lanning testified that when the trees were cleared, some of the river bank was to be pushed into the holes left from removing the smaller trees while the bank was to be pushed over the larger tree stumps that could not be removed. Appellee wanted this earthwork done so that the excellent soil could be farmed. The contract required that the work be completed by spring planting. All the oral negotiations preceding the contract focused on the single purpose of making the land suitable for farming. Bulldozing down the trees, resulting in tree root holes, alone would not render the land capable of being farmed. The Lannings were experienced equipment operators and must have known the nature of the work to be done.

Finally, it was Ronald Lanning who suggested that the parties draw up a written contract for the work. Yet, Daniel Lanning testified that at the time the contract was signed he told appellee that the bank sloping was not included in the $18,000 contract price but was to be done by the hour. The Lannings testified that appellee agreed to this. Appellee, of course, disputed this. Moreover, the Lannings admitted that nothing more than this was ever discussed about the sloping. Neither the cost of sloping nor the method of payment were mentioned, both of which were terms included in the written contract. The completeness of the writing is in sharp contrast to the indefiniteness of the oral agreement appellant alleges. Would the same parties who had so carefully defined their obligations in a written contract also make such a formless oral agreement?

■ From our review of the circumstances surrounding the negotiations of the written contract, the parties naturally and normally would have included any agreement to do sloping work in the written contract.[4] Any oral stipulation for a separate consideration to perform the sloping work was merged into the written contract which superseded any such stipulations. See SDCL 53–8–5; *McLaughlin Electric Supply v. American Empire Insurance Co.*, 269 N.W.2d 766 (S.D.1978).

In the usual case the function of the judge in determining the law of the case and the function of the jury as the fact finder are clearly divided. When a question within the province of the jury is presented we have said:

To reverse the judgment n. o. v., some substantial, credible evidence must be found in the record in support of the verdict. We will view that record in a light most favorable to the jury verdict giving [the non-moving party] the benefit

---

4. Nothing we have said here changes what we acknowledged in *Barnes v. Hill City Lumber Co.*, 34 S.D. 158, 165–166, 147 N.W. 775, 777 (1914). "A valid oral contract, collateral to a written contract, exists as an independent contract, even though the consideration therefor be found in some of the terms or conditions of the written contract."

of every available inference. *Lytle v. Morgan,* 1978, S.D., 270 N.W.2d 359; *Meylink v. Minnehaha Co-op. Oil Co.,* 1938, 66 S.D. 351, 283 N.W. 161.

*McGillivray v. Siedschlaw,* 278 N.W.2d 796, 800 (S.D.1979). In the case at bar, however, the question of whether the oral agreement was superseded by the written contract was for the court. We still recognize that any conflicts in the evidence or questions of its sufficiency, generally, present determinations for the jury to make. *Heiser v. Rodway,* 247 N.W.2d 65 (S.D.1976). Appellee's motion for a judgment notwithstanding the verdict was made not only on the ground that there was no evidence of an oral agreement for extra work beyond the writing, but also on the ground that any oral agreement that did exist was merged into the writing. The latter question was for the court to decide. The court must exercise its sound judicial discretion when it considers the question of merger and grants a motion for judgment notwithstanding the verdict. See *Strain v. Shields,* 63 S.D. 60, 256 N.W. 268 (1934). It did not abuse this discretion when it entered a judgment for appellee notwithstanding the verdict.

The order and judgment notwithstanding the verdict are affirmed.

DUNN, MORGAN and HENDERSON, JJ., concur.

WOLLMAN, C. J., dissents.

WOLLMAN, Chief Justice (dissenting).

On the basis of the facts as set forth in the majority opinion, I would hold that there was sufficient evidence of an independent oral contract to warrant submitting the issue to the jury. *Barnes v. Hill City Lumber Co.,* 34 S.D. 158, 147 N.W. 775 (1914); *Putnam v. Dickinson,* 142 N.W.2d 111 (N.D.1966). Accordingly, I would reverse the judgment notwithstanding the verdict and direct the trial court to reinstate the jury verdict.