# BILLERA v. CUSTOM LAMINATING WINDOW PRODUCTS, INC.

## Case No. M-84-9596-S

County Court, Palm Beach County

February 21, 1985

### APPEARANCES OF COUNSEL

**Stuart Young** for plaintiff.

**Martin Colin** for defendant.

### OPINION OF THE COURT

ROBERT M. GROSS, County Judge.

This case came before the Court for non-jury trial on January 7, 1985. All parties were present, and were exceptionally well represented by their attorneys, making the decision in this case a close one. Based on the sworn testimony of witnesses, the Court makes the following findings of fact and conclusions of law.

### *FINDINGS OF FACT*

In early June, 1984, Plaintiffs purchased a new townhome in Palm Beach County. After the closing, Plaintiffs planned to return north for a period of time. For security reasons, they wanted quick installation of window coverings. Plaintiffs expressed their concern to Arlene Stern, Defendant's representative. Stern showed Plaintiffs a fabric which she said would be available "right away." At Plaintiffs' request, Stern

agreed to have the window coverings delivered and installed within five to seven days from the date of the order. On a preprinted form designated a "contract", Stern recorded the type of fabric ordered, notes on installation, and the purchase price of $945.00. The "contract" was dated June 11, 1984 and was silent as to the date of delivery. One of the Plaintiffs signed the document and paid Defendant $945.00 for the installation. In addition, Plaintiffs left the key to their townhome with Defendant so that installation would not be delayed by their absence.

On June 11, Stern tried to locate the fabric from Miami suppliers. She was unsuccessful. She immediately ordered the fabric from a New York manufacturer who promised to deliver the fabric to her in June.

In the end of June, Plaintiffs telephoned Stern to ask about the status of the installation. Stern explained that the verticals had not been installed *only* because Plaitiffs needed to pay an extra $50.00 to complete payment in full of the purchase price. Stern explained that this additional charge had come to light only after further measurements had been done. Believing that installation would be imminent after this payment, Plaintiffs immediately mailed the extra $50.00 to Defendant on June 30, 1984.

On July 15, 1984, Plaintiff Joyce Billera returned to Florida and discovered that the window coverings had not yet been installed. The next day she went to Defendant's place of business, cancelled the contract and retrieved the key to the townhome. Plaintiffs later confirmed this oral cancellation in writing.

Defendant's inability to install the window coverings by July 15 was not its fault. The New York manufacturer had reneged on its promise to deliver the fabric in June. Defendant never made Plaintiffs aware of this delay in receiving the material. Defendant did not receive the fabric until July 23.

Plaintiffs have demanded the return of their $995.00 without success.

## CONCLUSIONS OF LAW

Defendant contends that because the June 11 writing was silent as to time of performance, it was thus entitled to complete installation within a "reasonable time" pursuant to Section 672.309(1), Florida Statutes (1983). Defendant then argues that the parol evidence rule precludes Plaintiffs from proving a contract to be performed within a shorter time frame than a "reasonable" one.

Because this case involves a transaction in goods, Florida's Uniform Commercial Code controls. Section 672.102, Florida Statute (1983);

**121**

*see*, Section 90.103(3), Florida Statute (1983). As a rule of substantive law, the application of the parol evidence rule seeks to preserve the "certainty and stability of written obligations." *E.g., Evans v. Borkowski*, 139 So.2d 472, 475 (Fla. 1st DCA 1962), *cert. den.*, 146 So.2d 1378 (Fla. 1962). Under pre-Code law, there is some authority indicating that when a written contract is silent as to time of performance, oral testimony may not be introduced to show that a specified time was agreed upon by the parties. *Whiting v. Gray*, 8 So. 726, 727 (Fla. 1891); 23 Fla.Jur. 2d *Evidence and Witnesses*, Section 350 (1980). The Code's version of the parol evidence rule is contained in Section 672.202, Florida Statutes (1983). In those situations where it is directly applicable, Section 672.202 will prevail over pre-Code case law. Section 671.103, Florida Statutes (1983).

In pertinent part, Section 672.202 provides as follows:

Terms . . . which are otherwise set forth in a writing intended by the parties as a final expression of their agreement with respect to such terms as are included therin may not be contradicted by evidence . . . of a contemporaneous oral agreement. . .

If a written contract does not˜amount to a final expression of the parties' agreement, then oral testimony is admissible to explain, establish, or even contradict terms of the writing at issue. *See, Dulman v. Martin Fein & Co., Inc.*, 411 N.Y.S. 2d 358, 362 (N.W. App. 1978); White and Summers *Uniform Commercial Code* Section 2-9 (1972). Here, the burden of proving that the June 11 writing was a final expression of the parties' agreement is on Defendant, who opposes the admission of the oral testimony. White and Summers, *Uniform Commercial Code*, Section 2-9 (1972). To determine the finality of a written instrument, a court may look beyond the four corners of a writing and consider all evidence proferred on the issue. *General Matters, Inc. v. Penny Products, Inc.*, 651 F.2d 1017, 1020 (5th Cir. 1981); *Lanning Construction, Inc. v. Rozell*, 320 N.W.2d 522, 523 (S.D. 1982).

Based on these principles, the June 11 writing was not intended by the parties to be a final expression of their agreement on the issue of time of performance. First, with regard to the document itself, the handwritten and preprinted portions are in conflict. The handwritten notations on the writing indicate that Plaintiffs had paid in full, while the preprinted paragraphs speak without modification of a "half deposit" and a final payment due on "final delivery." The failure of the parties to reconcile the conflicting provisions of the writing strongly suggests that they intended the document to be more of a receipt rather than a final expression of all aspects of their agreement. *See,*

122

*International Gem Stones, Inc. v. Harper-Robinson & Co., Inc.,* 299 So.2d 160, 161 (Fla. 3rd DCA 1974). Second, the evidence supports the conclusion that the promised time of delivery was a major inducement for Plaintiffs' decision to contract with Defendant, as well as a major factor in the type of fabric they selected. The failure of the writing to include provisions which were the subject of such intensive negotiations further supports the conclusion that the June 11 writing did not amount to a "final expression" of the parties' agreement within the meaning of Section 672.302. Therefore, Plaintiffs were entitled to introduce oral testimony to prove time of performance under the contract.

Defendant's failure to deliver and install the window coverings within five to seven days of June 11 constituted a breach of contract. On June 30, however, Plaintiffs knew of Defendant's failure to perform, and they sent off another payment on the contract. Such action amounted to a modification of the five to seven day time limit. Section 672.209(1), F.S. (1983). No new time limit for delivery was specified as of June 30. Therefore a reasonable time was allowed for delivery under the contract as modified. Section 672.309(1), F.S. (1983). What time for performance is reasonable turns on the "nature, purpose and circumstances" of the contract in question. Section 671.204(2), Florida Statutes (1983). To induce Plaintiffs to agree to send additional money on June 30, Defendant represented that installation would occur immediately after Defendant received the extra payment. This representation followed negotiations where Plaintiffs were firm in their desire for quick installation. Against this background, Defendant's failure to deliver and install the window coverings by July 16 was unreasonable, amounting to a breach of contract. Plaintiffs' cancellation of the contract was therefore justified and they were entitled to recover the purchase price paid. Section 672.711, Fla. Stat. (1983).

Finally, Defendant argues that a buyer's cancellation is precluded by the following language contained in the pre-printed portion of the June 11 document:

> This contract is not subject to cancellation by customer, no deposit refunded. . .

The Code allows a buyer to cancel a contract upon a seller's breach. Sections 672.711(1), 672.106(4) Fla. Stat. (1983). Defendant's construction of the clause quoted above would absolutely excuse a seller's breach and prevent a buyer from obtaining a refund. Such a construction is manifestly unreasonable because it relieves the seller of his obligations of good faith, diligence, and reasonableness as well as of the

**123**

duty to deliver in accordance with the contract. Sections 671.102(3), 671.203, 672.301, Fla. Stat. (1983). Under a reasonable construction of the quoted language, a buyer is entitled to cancel his order not because of a change of heart but only after a breach by the seller. Accordingly, it is

ORDERED AND ADJUDGED that Plaintiffs, John Billera and Joyce Billera recover from Defendant, Custom Laminating Window Products, Inc., the sum of $995.00 in principal, $70.33 for interest, with costs in the amount of $42.00, making a total of $1,107.33, for which let execution issue.