### McCormick Harvesting Machine Co. v. Faulkner.

1. As a general rule, a negotiable promissory note, like any other written instrument, has no legal or operative existence as such until it has been delivered in accordance with the purpose and intention of the parties.

2. Promissory notes delivered by a person who has executed the same, upon the express condition that such notes shall not be deemed the notes of the party so executing them, or as delivered, unless they are also executed by another person named as a comaker, cannot be enforced by the payee against the person so executing them, unless also executed by the other person so named in the condition as a comaker.

3. In such case evidence tending to prove the condition upon which such notes were executed and delivered to the payee, and that such condition had never been complied with, is competent, and does not come within the rule that parol evidence is inadmissible to contradict or vary the terms of a written instrument.

4. Where the evidence leaves the facts undisputed, and they are such that different conclusions or inferences could not reasonably be drawn from them, it becomes the duty of the court to declare their legal effect.

5. The evidence in this case examined, and the conclusion reached by the court that the material evidence on the part of the defendant was undisputed, and that it was such that only one conclusion or inference could reasonably be drawn therefrom, and that the court committed no error in directing a verdict for the defendant.

(Syllabus by the Court.  Opinion filed August 24, 1895.)

Appeal from circuit court, Faulk county. Hon. H. G, Fuller, Judge.

Action on promissory notes.  Defendant had judgment and plaintiff appeals.   Affirmed.

The facts are stated in the opinion.

*Frank Turner* for appellant.

A note cannot be delivered to the payee as an escrow.   Henshaw v. Dutton, 59 Mo. 139; Hubbard v. Greeley, 24 Atl. 799; Garner v. Fite, 9 S. 367.   Parol evidence cannot be admitted to vary the terms of a promissory note.   Brown v. Wiley, 20 How. 442; Gaar v. Louisville, 11 Bush. 180.

*J. A. Pickler* and *D. H. Latham* for respondent.

A contract may be explained by reference to the circumstances under which it was made and the matter to which it relates. Osborne v. Stringham, 1 S. D. 406; 47 N. W. 408.   Where a note is not delivered but taken away and used for another purpose and against previous directions put in circulation it does not bind the maker even in the hands of a bona fide holder.   Burson v. Huntington, 4 Am. 497; Cline v. Guthrie, 13 Id. 357;  Hoit v. McIntire, 52 N. W. 918; Chapman v. Tucker, 38 Wis. 43; Fisher v. Beckwith, 30 Id. 56; Roberts v. McGrath, 38 Id. 52.

Corson, P. J.   This was an action upon two promissory notes executed by the defendant.   The defendant, in his answer, admits that he executed the instruments; but alleges as a defense that the notes were not executed and delivered to said plaintiff as promissory notes; alleges that said plaintiff promised and agreed with the defendant, at the time of the delivery of said pretended notes, that said instruments would not be used as promissory notes against defendant, unless the said plaintiff also secured the signature of

one George Smith to said instruments, and then said instruments were to be the joint promissory notes of said defendant and of said George Smith; alleges that Smith's signature was not obtained, and that the plaintiff wrongfully and fraudulently diverted said alleged notes from the purpose for which they were given, and fraudulently misapplied the same by usuing and holding said notes against the defendant as his sole promissary notes.  On the trial the counsel for plaintiff objected to the evidence offered to sustain the defense, upon the grounds hereinafter stated.  The evidence was admitted, and at the close of the trial the court directed a verdict for the defendant.

Two questions are therefore presented:  First, was the evidence offered properly admitted?  Second, did the court commit error in directing the verdict?  The evidence and objections material to the questions under consideration are as follows:  "William G. Faulkner, having been called and sworn on his own behalf testified as follows:  *  *  *  Q.  You may state to the jury under what circumstances and conditions those notes were signed. State fully the facts in the case.  (Objected to as incompetent and irrelevant; that they are seeking to offer parol testimony to vary the terms of a written agreement; and plaintiff further objects upon the grounds that the answer of the defendant does not state facts sufficient to constitute a defense to this action.  Objection overruled.  Excepted.)  A.  Well, this agent came to me in the field, with these notes, and wanted me to sign them.  I didn't want to sign the notes.  I wanted to know where Smith was, and he said he was going direct to Smith, and he produced a mortgage at the same time.  I signed a note at the same time I signed the mortgage, and I signed those papers with the understanding that they would not be notes until George Smith signed them, and he was going direct from me to where George Smith was.  I was in the field working when he came there.  I objected to signing them, but he had the mortgage and the note, and he seemed to be interested in getting George Smith on the note, and I put them in his hands to get George Smith to sign them before they should be

delivered as notes, and then I signed them, and he went on as if he was going to Smith's." It was further shown that the machinery for which the notes were given was purchased by the defendant and said George Smith jointly. And it further appeared that the chattel mortgage referred to in the evidence was made out in the names of the defendant and the said George Smith, as the mortgagees, and was signed by the defendant but not signed by Smith. We are of the opinion that the answer stated a good defense, and that the evidence under it was properly admitted. While the first part of the answer seems to indicate that the plaintiff's agent only agreed to procure the signature of Smith to the notes, yet, taking the whole answer together, and giving to it a liberal construction, as we are required to do when objection is taken to it on the trial and not by demurrer. It is quite clear that the answer in effect states that the notes were delivered to the plaintiff, to be in force only as promissory notes in case they should be signed by Smith. In other words, the notes were not to be used or become operative as the notes of the defendant unless so signed by Smith. Jenkinson v. City of Vermillion, 3 S. D. 238, 52 N. W. 1066; Johnson v. Burnside, 3 S. D. 230; 52 N. W. 1057. The rule is well settled that parol evidence is inadmissible to vary or contradict the terms of a written instrument, as between the parties thereto, in the absence of fraud or mistake. Jewett v. Sundback (S. D.) 58 N. W. 20; Washabaugh v. Hall (S. D.) 56 N. W. 82; Bank v. Kellogg (S. D.) 56 N. W. 1071. But the evidence in this case did not tend to contradict or vary the terms of the written instruments, but tended to prove that the so-called promissory notes were never in fact delivered as such, and therefore never took effect or became operative as promissory notes. As a general rule, a negotiable promissory note, like any other written instrument, has no legal inception or valid existence as such until it has been delivered in accordance with the purpose and intention of the parties. Burson v. Huntington. 21 Mich. 415; Whitaker v. Salisbury, 15 Pick. 534; Pawling v. U. S., 4 Cranch, 219; Wilson v. Powers, 131 Mass. 539; Ware v. Allen, 128 U. S. 590, 9 Sup. Ct. 174,

The rule applicable to this class of cases is very clearly stated by the supreme court of the United States in the case last cited. In that case the defendants Allen, West and Bush had executed and delivered to W. P. Ware, the plaintiff and payee, a promissory note for $10,000, but upon the express condition that it was to be of no effect unless certain counsel named should assure the defendants that the proceedings which constituted the consideration for the note were valid. The counsel referred to held the proceedings invalid, and hence the defense set up. The court, speaking through Mr. Justice MILLER, says: "We are of the opinion that this evidence shows that the contract upon which this suit was brought never went into effect; that the condition upon which it was to become operative never occurred; and that it is not a question of contradicting or varying a written instrument by parol testimony, but that it is one of that class of cases, well recognized in the law, by which an instrument, whether delivered to a third person as an escrow or to the obligee in it, is made to depend, as to its going into operation, upon events to occur or to be ascertained thereafter." In Pym v. Campbell, 6, El. & Bl. 370, cited in the opinion just referred to, the learned English judge, in his opinion, says: "The distinction in point of law is that evidence to vary the terms of an agreement in writing is not admissible, but evidence to show that there is not an agreement at all is admissible." In Wilson v. Powers, *supra*, the supreme court of Massachusetts thus lays down the rule: "The manual delivery of an instrument may always be proved to have been on a condition which has not been fulfilled, in order to avoid its effect. This is not to show any modification or alteration of the written agreement, but that it never became operative, and that its obligation never commenced." See, also, as bearing on this question, Cline v. Guthrie, 42 Ind. 227; Chipman v. Tucker, 38 Wis. 43; Roberts v. McGrath, 38 Wis. 52. We are of the opinion that the evidence objected to was admissible, and that the evidence, uncontradicted, entitled the defendant to a judgment in his favor. The evidence clearly shows that the defendant did not

execute or deliver the notes, or intend to so execute or deliver them, as his individual notes, and that the instruments signed by him, and purporting to be promissory notes, were only to become operative when executed by Smith also; and, until so executed by said Smith, they were not delivered nor to take effect as promissory notes.

The learned counsel for appellant contends that the transaction only amounts to an agreement on the part of plaintiff's agent that he would get Smith to sign these notes, and that his failure to comply with his agreement cannot release the defendant from liability. But such is not the view we take of the evidence. In our opinion the evidence shows that the defendant placed the notes in the hands of the agent to become operative only when executed by Smith, and upon the condition that unless they should be so executed by him they were not to be used as notes against defendant. As Smith never executed the notes they therefore never became operative or took effect as against the defendant as promissory notes.

Did the court err in directing a verdict for defendant? As there was no conflict in the evidence, and it was clearly sufficient to sustain the defendant's defense, and such as the jury could only have drawn one inference or conclusion therefrom, we see no error in the direction of the court. We are of the opinion that the direction of the verdict was within the rules so often laid down by this court. Bates v. Railroad Co., 4 S. D. 394, 57 N. W. 72. Finding no error in the record, the judgment of the circuit court is affirmed.

FULLER, J., took no part in the decision.