ROSHOLT, Respondent, v. WOULPH, Appellant.

(167 N. W. 158.)

(File No. 4295.    Opinion filed March 26, 1918.    Rehearing denied May 7, 1918.)

1.   Evidence—Contract, Consideration—Payment, for Building Railroad Near Land—Building Station, Parol to Show, Competency.

In an action upon defendant's written promise to pay plaintiff a specified sum, provided plaintiff shall cause to be built a railroad, the nearest point to which shall not exceed seven miles from a certain section of land, **held**, that parol evidence is admissible to show that as a consideration for the promise, plaintiff agreed that there should be a station on said line within seven miles of defendant's residence upon said section; since, while parol is competent to show want of consideration for such instrument, or that the same was obtained by fraud, or that the instrument sued upon contains but part of the agreement, the instrument in question expressly states the consideration; while the offered testimony would tend to prove an agreement entirely different from that set forth in the written instrument.  South Dakota Cen. R. R. Co., v. Smith, 22 S. D. 210, 116 N. W. 1120, distinguished.

2.  Evidence—Contracts, Consideration—Oral Negotiations Preceding Contract, Contract as Superseding—Statute—Contents of Writing, Presumption.

Conceding it to be true that, during oral negotiations between plaintiff and defendant resulting in execution of the contract in suit, the location of a railroad station within seven miles of defendant's residence may have been discussed or demanded by plaintiff as a consideration for signing a contract under which he agreed to pay plaintiff a certain sum in consideration of plaintiff's causing to be built a railroad, the nearest point to which should not exceed seven miles from a section of land upon which defendant resided, evidence of such negotiations is incompetent under Civ. Code, Sec. 1239, providing that the execution of a written contract, whether required by law to be written or not, supersedes oral negotiations concerning its matter which preceded or accompanied execution thereof; and in absence of fraud or deceit that would vitiate the contract, it is conclusively presumed to embody the substance of the agreement.

Appeal from Circuit Court, Marshall County.  Hon. THOMAS L. BOUCK, Judge.

Action by Julius Rosholt, against J. R. Woulph, to recover upon defendant's written promise to pay money.  From a judgment for plaintiff, and from an order denying a new trial, defendant appeals.  Affirmed.

*Sherin & Sherin,* for Appellant.

*Anderson & Waddell,* for Respondent.

To point one of the opinion, Appellant cited:  Vol. 3, R. C. L., Sec. 139; South Dakota Central Railway Co. v. Smith, 116 N. W., 1120 (S. D.).

Respondent cited: Jones on Evidence, 2nd Ed., p. 146; Towner v. Lucas, 13 Gratt. 705; Anderson v. Matheny, (S. D.), 85 N. W. 911; Johnson v. Pugh, (Wis.) 85 N. W. 641; 17 Cyc., 610.

POLLEY, J.    This action is based upon the following written contract:

"On demand; for value received, I promise to pay to the order of Julius Rosholt four hundred and 00-100 dollars at the First State Bank of Luffman, S. D., with interest at the rate of ten per cent. per annum after maturity until paid, provided that the said Julius Rosholt shall build or cause to be built a railroad, the nearest point to which shall not exceed seven miles from section 14, Red Iron. It is expressly understood that this note is due and payable when the first train shall have moved over said railroad. This note is null and void if said railroad is not built by June 1st, 1915. P. O., Sisseton, S. D.

"J. R. Woulph."

Defendant admits the execution of the contract. The evidence shows that the railroad was constructed within the time fixed by the terms of the contract, and that it was so constructed that at one place it is within seven miles of the nearest point on section 14, Red Iron township. By way of defense to plaintiff's right of recovery, defendant alleged in his answer, and offered to prove at the trial that at the time of the execution of the said contract, and as a consideration therefor, the plaintiff expressly agreed that there should be a station on said line of railway and that such station should be within seven miles of defendant's residence situated upon said section 14. It is not claimed by defendant that he did not read the said contract before he signed it, nor that he did not understand the contents thereof, nor that plaintiff in any manner misrepresented the facts or deceived defendant as to the contents or meaning of the said contract. The trial court excluded all evidence tending to show that the contract or understanding of the parties was other than as appears by the terms of the written instrument and directed a verdict for plaintiff. From a judgment entered upon said verdict and an order denying his motion for a new trial defendant appeals.

[1]   It is claimed by the appellant that the evidence offered by him and excluded by the court was for the purpose of show-

ing want of consideration of the note or contract sued upon. If that had been the only purpose and the only result of such testimony, it would have been error to have excluded it, for it is well settled that in an action by the original payee on a note or contract parol evidence is competent to show a want of consideration for such instrument, or to show that the same was obtained by fraud or deceit, or that the instrument sued upon contains but a part of the agreement. Herreid v. C., M. & St. P. R. R. Co., 38 S. D. 68, 159 N. W. 1064; McCormick Harvesting Mach. Co. v. Faulkner, 7 S. D. 363, 64 N. W. 163, 58 Am. Rep. 839; Davis v. Jeffris, 5 S. D. 352, 58 N. W. 815; South Dakota Cen. R. R. Co. v. Smith, 22 S. D. 210, 116 N. W. 1120; Kulenkamp v. Groff, 71 Mich. 675, 40 N. W. 57, 1 L. R. A. 594, 15 Am. St. Rep. 283; West v. Kelly, 19 Ala. 353, 54 Am. Dec. 192. But the testimony offered by appellant in this case goes further than to merely show a want of consideration for the contract in question. Such testimony, if admitted, would tend to prove an agreement entirely different from the agreement set forth in the written instrument. An agreement to construct a line of railroad and locate a station thereon that would be within a specified distance of a dwelling house situated upon a designated section of land is materially different from an agreement to so locate a line of railroad that some point thereon would be within a specified distance of said section of land, but without any reference whatever to either a station or a dwelling house.

Appellant relies upon what is said by this court in South Dakota Cen. R. R. Co. v. O. H. Smith, supra, in support of his contention that the court erred in excluding the oral evidence offered by him. But that case is not in point. In that case the contract that was the basis of the action called for the construction of a line of railroad on the west line of a designated section of land belonging to the defendant. Oral evidence was received to show that the road was not located on the west line of said section, but such evidence related only to a compliance with the terms of the contract, and in no wise tended to add to, contradict, or even explain anything contained therein. In that case the court permitted the defendant to show by oral evidence what the agreed consideration for the note was, and that such consideration had failed. In this case, the consideration is expressly stated

upon the face of the instrument sued upon. There was no uncertainty or ambiguity of terms, and oral evidence tending to vary or contradict said terms was incompetent, and was properly excluded by the trial court.

[2] Conceding it to be a fact that, during the negotiations between appellant and respondent that resulted in the execution of the contract, the location of a station within seven miles of appellant's residence may have been discussed or even demanded, by appellant as a consideration for signing said contract such negotiations are not competent under the provisions of section 1239, C. C. This section provides that:

"The execution of a contract in writing, whether the law requires it to be written or not, supersedes all the oral negotiations * * * concerning its matter, which preceded or accompanied the execution of the instrument."

Therefore, in the absence of fraud or deceit that would vitiate the contract, such contract is conclusively presumed to embody the substance of the agreement.

The judgment and order appealed from are affirmed.