KINGSLEY, Respondent, v. KEMPTHORNE, Appellant.

(235 N. W. 653.)

(File No. 7024. Opinion filed March 30, 1931.)

*Williamson, Smith & Williamson,* of Aberdeen, for Appellant.
*Van Slyke & Agor,* of Aberdeen, for Respondent.

MISER, C. Respondent Kingsley in 1923 sold to appellant Kempthorne a lot in Aberdeen for $1,600. As part of the consideration paid therefor Kempthorne executed his note for $700 to Kingsley securing the same by a mortgage on the lot. On October 20, 1928, when the mortgage was past due and unpaid, a written agreement was made between the parties as follows:

" * * * In consideration of James H. Kempthorne having this day sold to Isabel D. Kingsley (the lot mentioned) it is * * * agreed * * * that the said Kingsley is to pay all the 1927 taxes now standing against said property. * * * (and) * * * will execute and file a proper satisfaction of the mortgage running to her, heretofore executed by * * * Kempthorne * * * covering the above described real estate. * * * "

On the same day, respondent Kingsley executed and delivered to appellant Kempthorne her promissory note for $900, and appellant Kempthorne and wife executed and delivered to respondent Kingsley a warranty deed to the premises. The warranty deed recited as consideration "$1.00 and other valuable consideration." This written agreement, promissory note, and warranty deed are the only writings evidencing the agreement then made.

In respondent's complaint she alleges the execution and delivery in 1923 of the promissory note for $700 and the mortgage securing the same; that when on October 20, 1928, said note and mortgage were past due and unpaid, she was fraudulently induced by Kempthorne to execute and deliver the foregoing agreement, deed, and note for $900; that there was no consideration for any of said instruments; that Kempthorne agreed to transfer the lot for $200 to be evidence by a note, but represented that the only way such transaction could be effected would be by Kingsley executing a note to him for $900; but that after obtaining said note, he represented it to be a bona fide indebtedness of $900.

Appellant alleges in his answer that on October 20, 1928, he sold the lot to respondent for $1,600, this consideration being represented by respondent's note to him of $900 and the cancellation of his note to respondent of $700; that the agreement, deed, and note were executed and delivered in accordance therewith; that on the

following day, under the pretense of having her husband also sign the agreement and the $900 note, respondent obtained them from appellant and yet retains them; that appellant is the owner thereof and claims a vendor's lien on the premises to secure the same. Appellant asks for possession of the $900 note, for satisfaction of the $700 real estate mortgage, and for a vendor's lien.

In her complaint respondent alleged that there was no consideration for the execution of the deed, note, or agreement, and also alleged that $200 of the $900 note was the agreed consideration. The trial court found that the purpose and intent of the $900 note was to provide a consideration of $200 and to offset the balance of the $700 note of 1923. Appellant also alleged fraud, but the court found "that no sufficient evidence of fraud exists to justify rescission."

By her agreement and note respondent agreed definitely in writing to perform three acts: (1) Pay the 1927 taxes; (2) execute and file a proper satisfaction of the $700 mortgage; (3) pay to appellant $900 on October 1, 1929. Yet the trial court found that respondent might satisfy the $900 note by satisfying the $700 mortgage, which she had agreed in writing to satisfy, and by paying $200. Had appellant sued respondent on the $900 note, respondent might have interposed the defense of fraud, or of absence or failure of consideration. Section 1732, Rev. Code 1919. First State Bank v. McMahon, 45 S. D. 77, 185 N. W. 1014, 1015; Rosholt v. Woulph, 40 S. D. 269, 167 N. W. 158; Farmers' El. Co. v. Swier, 50 S. D. 436, 210 N. W. 671; Independent Harvester Co. v. Anderson, 45 S. D. 60, 186 N. W. 112. But here fraud and absence of consideration were both alleged and oral evidence was introduced in support thereof, but the court, at least inferentially, found against both those defenses. Yet the court found that the $900 note was not in fact a promise to pay $900 but a promise to pay $200. This finding could only be made by disregarding section 860, Rev. Code 1919: "The execution of a contract in writing * * * supercedes all the oral negotiations or stipulations concerning the matter, which preceded or accompanied the execution of the instrument." Also section 1764, Rev. Code 1919: "The maker of a negotiable instrument by making it engages that he will pay it according to its tenor. * * *"

In First State Bank v. McMahon, supra, this court said: "Defendant might prove by parol the capacity in which he signed, * * * he might prove that he became a party to such note through fraud or undue influence; he might prove no consideration; but he could not prove that, although his name was attached to such note, he had, because of some oral agreement preceding the writing, never became a party to the contract which such writing evidenced."

The judgment and order appealed from are reversed.

POLLEY, P. J., and ROBERTS and WARREN, JJ., concur.

CAMPBELL, J., not sitting.