MONCUR, Respondent, v. JONES, et al.
Intervenor and Appellant
(31 N. W.2d 759.)
(File No. 8926. Opinion filed March 29, 1948.)

**Danforth & Danforth,** of Sioux Falls, and **Norman Jaquith,** of Vermillion, for Defendant, intervenor and Appellants.

**Everett A. Bogue,** of Vermillion, and **Davenport, Evans & Hurwitz,** of Sioux Falls, for Plaintiff and Respondent.

HAYES, J. The issue tendered the courts in this action results from a contest respecting adverse claims of ownership to an improved farm in Clay county. The trial court upheld the title asserted by plaintiff and dismissed upon their merits the pleadings by which defendant and his wife, the latter having intervened, challenged plaintiff's claim of title and sought to obtain an adjudication of ownership in defendant's favor.

Thomas Jones was the owner of the area in dispute and other lands at the time of his death in January, 1933. By the terms of his last will and testament he left to his second wife, Anna, to whom he was married in 1926, a life estate in the farm lands in question and to his son by a prior marriage, the defendant, the fee remainder. The defendant rented the farm from his father for a period of years prior to the latter's death and resided thereon with his family. The widow, Anna, and the defendant thereafter agreed to arrangements whereunder the defendant continued in possession as a tenant farmer until Anna's death in July, 1945.

Other heirs and devisees named in the will of Thomas Jones are his three daughters, one of whom, Sarah, prede-

ceased him without issue. Under said will the widow and the four children of the decedent are residuary devisees in equal shares, subject to indebtednesses owing by the two daughters who survived the testator. To each of the daughters was devised a separate forty-acre tract. As a result of Sarah's death the four remaining residuary devisees succeeded to the tract set over to her by the will. This tract also became involved in the present proceeding as hereinafter recited. The same adjoins the south half of the tract willed to defendent subject to the life estate mentioned above.

At the time of the death of Thomas Jones farming conditions in Clay county and elsewhere in this state were unfavorable and the market value of farm lands had reached a comparative low. In addition to the lands mentioned above, then valued by appraisers of the estate in the county court proceeding at approximately $11,000, tracts of land in Clay county, likewise appraised at $6000, and obligations owing from the defendant and his two sisters to the estate in the approximate sum of $12,000 were listed as the principal assets of said estate. The remaining assets were of slight value. Indebtednesses listed as owing by defendant totaled $8298 plus interest. The figure given as the amount due from decedent's daughters is $3900 and interest.

Claims filed against the estate of Thomas Jones, deceased, aggregated approximately $6500 with some interest due thereon not calculated. Two of the claims were for obligations upon which the defendant also was liable as comaker, about $1500. These two items were also carried as estate assets in the county court inventory. Anna Jones presented her claim against the estate for approximately $4800 representing monies loaned by her to the decedent and expenses of his funeral and burial. Most of the claim of Anna Jones is predicated upon notes of Thomas Jones and interest thereon. These total $3380.

The affairs of the estate of Thomas Jones being thus involved, the four heirs and devisees entered into an agreement in writing dated June 26, 1934, the same being in the form of a written stipulation directed to the county judge of

Hand county. This agreement recited the purposes thereof to be an avoidance of a sale or sales of lands of the estate, an adjustment of all claims and debts among the several parties and a disposition of the properties of the estate as therein agreed rather than as in the will provided. By such writing it was agreed that Anna Jones would receive the whole title to the eighty-acre tract in which she held a life estate, and the forty acres adjoining to the south and east, "in payment of her claim against said estate" and in consideration of her paying the two claims amounting to about $1500 upon which defendant was liable as noted above. As additional considerations Anna Jones was obliged to pay all expenses of administration and provide for a grave marker. She released all claim to other properties of the estate. It is observed also that she received items of personal property of small value and agreed to apply the balance of funds of the estate, after discharging expenses of administration, to the payment of taxes and interest on indebtedness.

The defendant by said instrument agreed that Anna Jones should receive by decree of the court the tracts comprising the one hundred and twenty acres as aforesaid "in satisfaction of the debts by him owed to the Estate and Anna M. Jones." He also relinquished to her his one-fourth share in the residue of the estate. The two surviving daughters of the decedent were to receive the separate tracts or farm lands as devised to them but freed of the charges or claims against them in favor of the estate.

Pursuant to the stipulation and agreement above described the county judge of Hand county distributed the property of the estate of Thomas Jones, deceased, and passed to Anna Jones the title to the lands in dispute. It appears from the record that she in due time discharged the obligations as was required of her by said agreement. By the will of Anna Jones these lands were devised to her sister, the plaintiff in this action. The plaintiff bases her claim of title to the premises involved upon the decree of distribution dated April 1, 1946, and entered in the county court in accordance with the terms of the will last mentioned.

At the time of the death of Anna Jones defendant was a tenant of the premises under a lease agreement with her by the terms of which agreement he was to have possession of said lands for one year beginning March 1, 1945, at a cash rent of $375 payable in three equal instalments. By the provisions of said lease defendant agreed to cut the weeds on the premises and along the roadways adjoining the same, to keep up the fences and repair the barns and sheds thereon whenever necessary and to surrender the premises to the lessor at the expiration of the lease.

While serving as executrix under the will of Anna Jones, deceased, the plaintiff, respondent here, instituted an action in March, 1946, in her representative capacity, to recover the possession of the premises from defendant. Among other things, the complaint in said action alleged the existence of the lease agreement above described and the expiration thereof without renewal. Defendant's answer to this complaint denied that Anna Jones was the owner of the premises at the time of her death and pleaded that the property was devised to him by the will of Thomas Jones, subject to a life estate therein to the said Anna Jones; that he had placed upon the property at his own expense buildings and fences which improvements were then "on said farm under a written agreement with the owner of said real estate as to the ownership thereof"; that plaintiff had agreed in February, 1946, that defendant could have a lease on the farm for the coming year, and that plaintiff "became angry at this defendant because of a disagreement as to the ownership of some of the buildings * * *." Said answer prayed that defendant have possession of the premises for the farming season of 1946 upon the same terms and conditions as set out in the lease for 1945. These pleadings were entitled and filed in circuit court, First Judicial Circuit, and the action was tried before a jury in Clay county in March, 1946. The record before us discloses that the sole issue submitted to the jury at the trial was whether plaintiff had agreed to lease the premises to defendant for a term commencing March 1, 1946. Upon a verdict in defendant's favor judgment was entered awarding to defendant possession of the premises

for the farming season of 1946 "under the same terms and conditions as set out in the 1945 lease * * *."

Within less than three weeks after entry of the judgment last mentioned the action now before this court for review was begun in the circuit court aforesaid. The complaint pleads two causes of action and alleges ownership of the lands in question by plaintiff, defendant's possession thereof and the bringing of the action for the purposes of determining adverse claims to fences and a building on the premises and of quieting the title to said improvements in plaintiff. The second cause of action alleges a destruction or disposition of buildings by defendant subsequent to the year 1940. The complaint prayed an adjudication respecting the ownership of said improvements and an accounting by defendant for buildings claimed to be missing. Defendant's answer and cross complaint deny plaintiff's title to the premises, avers that the property is defendant's homestead and that the buildings and fences now and theretofore placed thereon were and are his property and allegest in substance, and in addition to many of the facts heretofore related in this opinion, that at and prior to the time of the execution of the written agreement hereinabove described, and bearing date June 26, 1934, and as an inducement held out to defendant by Anna Jones to obtain his signature to said written agreement it was verbally agreed on the part of the said Anna Jones that defendant could continue to use and occupy the premises during the lifetime of the former, pay her a nominal rent therefor, keep up the fences and improvements and treat the property as his own and that upon her death she would will the same to defendant. Defendant further pleaded that he had carried out the verbal agreement in accordance with the terms thereof but that Anna Jones had failed to leave the property to him by will. The prayer of the cross complaint is that plaintiff's complaint be dismissed and that title to the premises be quieted in defendant.

By her complaint in intervention Goldie Jones alleges that she is the wife of defendant, that the lands in question constitute the homestead of defendant and his family and that she had not signed the written stipulation by which

defendant had agreed to a decree distributing said property to Anna Jones. Said complaint in intervention adopts by reference thereto defendant's cross complaint.

Plaintiff's answers and replies to the pleadings of defendant and the intervenor contain admissions of numerous fact matters readily susceptible of record or other proof and thereafter interpose the defenses of preclusion against defendant's asserting the verbal understanding alleged by him to have been a part of the consideration for the written agreement, lack of such an interest in the premises as would support defendant's and intervenor's claim of homestead rights, estoppel against defendant and his wife by reason of their acceptance and retention of the benefits which accrued to them as a result of the agreement in writing, res adjudicata of the rights of all parties by the decree of distribution of the county court of Hand county entered upon the agreement of the parties, a bar resulting from defendant's failure to make any claim against the estate of Anna Jones, deceased, and res adjudicata of the defendant's right of possession as a tenant farmer as determined by the judgment in circuit court whereby defendant was awarded rights as a tenant to March 1, 1947, under the same terms and conditions set out in the 1945 lease. Plaintiff pleads also that defendant and his wife are barred by laches in failing for twelve years to assert any rights under the alleged verbal agreement and that plaintiff should be reinstated to the position and rights held by Anna Jones at the time of the making of said agreement in writing providing for the distribution of the estate of Thomas Jones, deceased, in the event said agreement should be set aside. Plaintiff pleads further the payment of taxes by Anna Jones for more than ten years while in possession under claim of title made in good faith. Included in plaintiff's pleadngs also are allegations of knowledge, acquiescence and conduct on the part of Goldie Jones tending to place her alleged rights against the bars of the several defenses interposed.

The learned trial court entered a formal decision and judgment in plaintiff's favor. In addition to findings incorporating many of the facts as recited above, the court found

that defendant and intervenor have occupied the premises in question as lessee and tenants of Thomas Jones, Anna Jones and the plaintiff, that plaintiff is the owner of said lands and that Anna Jones and plaintiff had paid all taxes thereon since the death of Thomas Jones under claims of ownership made in good faith. Upon the testimony of defendant, his wife and the widower of one of defendant's deceased sisters the court found that at or shortly prior to the execution of the family settlement agreement, and as a part of the same transaction, Anna Jones proposed orally to defendant that he remain upon the farm, farm it in a proper manner, keep the same free from weeds, keep in good repair the buildings and fences, make improvements on the farm as may be needed from time to time and pay nominal rent for the use of the same and that she, Anna Jones, would will the place to defendant. The defendant was found to have accepted this proposal, to have remained upon the farm as a year-to-year tenant under lease agreements and to have done and performed the acts mentioned during the lifetime of the said Anna Jones. To this finding of the court plaintiff excepted.

Paragraph 18 of the court's decision among other things finds that there was no sufficient consideration to support the oral agreement mentioned above and that said agreement did not induce the defendant to sign the family settlement agreement upon which the county court acted. To this part of the court's decision the defendant duly excepted. Numerous assignments of error challenge the correctness of the ruling of the court last mentioned and other rulings in the decision sustaining a number of the defenses interposed against the claims of defendant and his wife and the judgment barring said claims and quieting in plaintiff the title to the land and the improvements thereon, subject to the right of defendant to remove buildings not affixed to the realty.

Counsel for defendant and his wife rely upon the decision of the trial court finding that there was a prior or contemporaneous oral agreement as in substance pleaded by them. As indicated, such finding recites that the oral agreement was a part of the transaction involving the

written family settlement. It is contended that the verbal understanding was collateral to the writing and that the same was supported by an independent and altogether sufficient consideration.

The purpose of the writing was to vest the whole and absolute title to the lands in question in Anna Jones, the holder of the life estate, for the considerations therein set forth. The purpose of the alleged verbal arrangement was to vest in defendant title to said lands upon the death of the life estate holder. It is thus observed that both the written and oral agreements relate to the rights of the parties in the same subject matter.

The testimony of defendant is to the effect that he would not sign the stipulation embracing the family settlement until Anna Jones made the proposal to him that if he signed the same she would will the property to him. His present stand is that he and his father's widow traded agreements, the verbal agreement in his favor in exchange for the one in writing she tendered. Defendant does not, however, assume the position that the considerations expressed in the writing may be resorted to in establishing consideration sufficient to support the oral agreement to will. We do not deal with the question of adequacy of the consideration to Anna Jones, within the meaning of SDC 37.4603, to make enforceable the alleged agreement to will. It appears to us of first importance to determine whether the alleged contemporaneous oral agreement falls within one of the inhibitions of the parol evidence rule.

By the terms of the written agreement, complete and unambiguous, defendant granted, and authorized the court to distribute, to his father's widow the fee remainder to lands in which she held a prior life estate, and also his right to succeed to an undivided one-fourth interest in the adjoining forty. The considerations in support of such grant and authorization are fully and specifically set forth in the writing. The question is whether defendant, who does not challenge the writing in any respect, may show to the court that although the writing purports to vest in Anna Jones the whole, unreserved and absolute title to the lands

in dispute such vesting was not as disclosed by the writing, but was subject to and conditioned upon the contrary terms of an oral agreement at the same time made by the parties, and thereby defeat and destroy the common meaning and effect established by the writing. It is obvious that the line of attack chosen by defendant tends to nullify the effect of the writing except in so far as the same conferred benefits upon him.

The common understanding expressed in the writing, binding upon the parties and the court, reduced to simple terms is as follows: (1) The parties desired to settle between themselves their rights to succeed to property of the estate of Thomas Jones, deceased; (2) Anna Jones is to have the whole title to the lands in question, pay certain claims and expenses, release her claim against the estate and surrender her right to other estate property; (3) W. R. Jones releases his interest in the estate property in satisfaction of the debts owing by him to the estate and to Anna Jones; (4) Possession and use of the lands are reckoned as of March 1, 1934. Defendant now says in effect that a further and additional consideration to him for the writing was the verbal agreement of Anna Jones to return to him at her death that with which he parted by the writing and also the whole title to the area in which he held a right to but a one-fourth interest. In other words, he says that the writing to which he set his hand did not deal with the subject matter as the parties had agreed and that Anna Jones, the holder of the life estate, was but to acquire and hold, until she died, the title devised to him by his father's will and upon her death pass the same along to him, with other property.

What defendant sought to establish by parol evidence appears clearly to us to have been strikingly variant from that which is plainly written. We are satisfied that proof of the existence of the contemporaneous oral agreement was unavailable to defendant in his attempt to recover that which he passed on to Anna Jones in writing absolutely and unconditionally. Codification of the general rule which protects a written instrument against variation, contradiction and destruction is found in SDC 10.0604. Annotations

under this section indicate that this court has frequently dealth with questions relating to the admissibility of parol evdence offered for the purpose of explaining, varying or modifying the terms of a written instrument and to disclose considerations other than those stated in the writing. Counsel for plaintiff and respondent urge as applicable here the opinion of this court in Farmers' Elevator Co. v. Swier, 50 S. D. 436, 210 N. W. 671. The rule therein stated is cited with approval in subsequent cases. Midway Farmers' Warehouse Co. v. Foley, 51 S. D. 288, 213 N. W. 507; Stoefen v. Brooks, 66 S. D. 587, 287 N. W. 330; Janssen v. Tusha, 66 S. D. 604, 287 N. W. 501; Thompson v. Dakota Independent Oil Co., 67 S. D. 27, 288 N. W. 148. In our review of this case we have considered also the applicable statements of the parol evidence rule found in Williston on Contracts, Revised Edition, § § 631 et seq. as well as those appearing in 32 C. J. S., Evidence, § § 956, 958, 998, 999, 1000 and 1001, and cases cited in support thereof.

In Janssen v. Tusha, supra, it is stated, upon authorities cited, that the parol evidence rule therein relied upon is substantive in character and operates to limit the evidence from which interpretative inferences may be drawn. Here, as in that case and as was true in Farmers' Elevator Co. v. Swier, supra, the parties put down in writing that which was to determine the rights of each of them in the subject matter, in this case the farm, and the reasons and inducements which led to such expressed determination. In submitting evidence of the alleged oral agreement defendant assumed the position that the writing is to be enlarged so as to include a consideration refuted by the very terms of the writing. He says that the settlement agreement is as it should have been but that by another deal it was orally agreed that the parties should treat the subject matter not at all in accordance with the plain meaning of the written expressions. We think that defendant cannot by this approach destroy the effect of his written memorial and that it was not error to deny recovery upon the oral agreement found by the trial court.

Conceding the existence of facts sufficient to support the finding upon which defendant relies we are here confronted with the question whether as a matter of law he may utilize such facts in an attempt to change the meaning of his writing. It seems clear to us that the parol evidence rule precludes giving effect to such facts and that the writing must prevail.

██ The other points argued by appellants relate to the authority on the part of the county court to adopt the family settlement agreement and raise the question respecting their homestead rights in the premises. As heretofore shown, the affairs of the estate of Thomas Jones were quite involved and a forced sale of the estate property to meet the approved claims would likely have resulted in substantial losses to all but creditors of the estate. The parties agreed to do that which appeared to them right and proper under the circumstances and divided the estate property with due regard to their respective claims, rights and obligations. They then asked the county court to distribute the property in keeping with the adjustments they had agreed upon and had reduced to writing for the guidance of that court. The decree of distribution entered by the court in accordance with the written settlement has stood unchallenged for over twelve years. We think that appellants should not now be heard to question the authority of the court to enter a decree as requested. Further, it has been settled in this state and elsewhere that it was not improper for the county court to accept and act upon an agreement such as the heirs and devisees of Thomas Jones had entered into. In Re Vasgaard's Estate, 62 S. D. 421, 253 N. W. 453.

█ Appellants contend that they have acquired homestead rights in the premises here involved and that they may assert such rights against respondent. Whether appellants had any rights of homestead which they may have asserted against others is a question we need not now decide. By findings numbered 2, 12 and 14 the trial court determined that appellants have at all times occupied the premises as leasehold tenants. Finding number 2, altogether in harmony with the judgment obtained by appellants in the action brought

by respondent to recover possession of the premises, is that appellants are in possession under a lease and agreement with respondent for the occupancy thereof until March 1, 1947. None of these findings are at all questioned below or here and they are all clearly sustained by the record. We find in appellants' brief no authority for the proposition that a tenant may successfully assert against his landlord a homestead interest in the premises he occupies by virtue of his lease. Authorities need not be cited by us to make it clearer that such a proposition cannot be sustained. This court has decided that a tenant is estopped from denying his landlord's title. Aegerter v. Hayes, 55 S. D. 337, 226 N. W. 345. The reasons for this rule apply with equal force against an attempt by the tenant to set up rights other than as provided by the terms of his lease.

It is suggested that homestead rights in favor of appellants may have attached to the fee remainder at the time of the death of Thomas Jones and that the family settlement agreement may be avoided for the reason that Goldie Jones was not a party to said agreement. We are of the opinion that a future estate will not support a claim of homestead exemption during the continuance of the prior estate. 40 C. J. S., Homesteads § 82. Fisher v. Kellogg, 128 Neb. 248, 258 N. W. 404; Solnar v. Solnar, 205 Iowa 701, 216 N. W. 288; Qualley v. Zimmerman, 231 Wis. 341, 285 N. W. 735; Stombaugh v. Morey, 388 Ill. 392, 58 N. E.2d 545, 157 A. L. R. 254.

The decision and judgment of the learned trial court should be and is affirmed.

All the Judges concur.