EGGERS, Respondent v. EGGERS, Appellant

(110 N.W.2d 339)

(File No. 9911. Opinion filed September 11, 1961)

**Theodore M. Bailey,** Sioux Falls, for Defendant and Appellant.

**Davenport, Evans, Hurwitz & Smith,** Sioux Falls, for Plaintiff and Respondent.

SMITH, P.J.   This appeal is from a judgment against the defendant above named on a directed verdict in an action on a promissory note.

■   The first proposition urged by defendant is that the court erred in failing to direct a verdict at the close of plaintiff's case in chief on the ground that evidence was insufficient to establish delivery of the instrument. After the court had overruled the motion, the defendant introduced evidence, and failed to renew his motion on the ground stated at the close of all of the evidence. In these circumstances the motion is deemed waived, and an alleged error based thereon will not be considered on appeal. Wood v. Campbell, 28 S.D. 197, 132 N.W. 785, Ann. Cas.1914B, 605; Greder v. Stahl, 22 S.D. 139, 115 N.W. 1129; and 89 C.J.S. Trial § 668, p. 515.

Other propositions presented by defendant must be viewed in the light of facts not in dispute, and of facts stated in defendant's offers of proof.

The plaintiff is defendant's mother. The defendant and his father are dentists. On September 12, 1958 defendant having received $25,000 from his parents executed the promissory note in question. The instrument had been prepared by an officer of a bank at the father's request and was on one of the bank's printed forms. It reads in part as follows:

> "September 12, 1958. For value received I promise to pay to the order of Faye Eggers on Demand, 19———Twenty-five Thousand and 00/100 Dollars ($25,000.00) at ——— with interest at 4½ per cent per annum until due and ........ per cent per annum after due, interest payable ——— annually * * * If any part of the principal or interest secured by this note shall not be paid when due, the whole sum hereby secured shall thereby

·become due without further notice at the option of the holder."

Thereafter the father told defendant he could pay interest semiannually if he so desired. The instrument, which was produced by plaintiff at the trial, bears endorsements representing three semiannual interest payments.

The offers of proof of defendant in substance state that: defendant was intending to erect a building in Sioux Falls in which to carry on the practice of his profession, and possibly to provide office space for his father; knowing of his plans his parents, acting through the father, offered defendant $25,000 for use in the proposed undertaking; in their negotiations nothing was said about the repayment of the principal, but it was understood he was to pay to his mother interest on the principal at the rate of 4½% per annum during the lives of the mother and father; he accepted the offer and used the fund in defraying the cost of the building; the parents knew he would have no resources from which to repay the $25,000 after it was invested in the building; and the promissory note was intended by the parties to memorialize their oral agreement.

As indicated by the defendant's offers of proof, he sought in support of certain allegations of his pleading to introduce evidence of the circumstances in which the parties acted, their oral negotiations and their alleged contemporaneous oral agreement. It is said that the court should have received and considered this evidence (1) in the interpretation of the ambiguous instrument, (2) in giving effect to an alleged contemporaneous oral agreement that the principal sum was not to be repaid during the life of the mother, (3) in considering the defense of conditional delivery and (4) in determining whether the instrument was altered by an executed oral agreement. We deal with these contentions in the order they have been set forth.

■ The trial court, being of the opinion that the instrument was ambiguous in its provision for interest, permitted both parties to testify that the mother was to be paid interest at 4½% per annum on the principal sum, but excluded all other evidence of the oral negotiations and alleged agreement of the parties on the theory that the defendant was seeking to prove that which was merged in and superseded by the written contract in contravention of SDC 10.0604.

By SDC 10.0604 it is provided:

"The execution of a contract in writing, whether the law requires it to be written or not, supersedes all the oral negotiations or stipulations concerning its matter which preceded or accompanied the execution of the instrument."

It is settled that this rule is substantive in character; it is not a rule of evidence. Moncur v. Jones, 72 S.D. 202, 31 N.W.2d 759; and Baker v. Jewell, 77 S.D. 573, 96 N.W.2d 299.

The defendant calls attention to the rule that demand paper is due when delivered, cf. 10 C.J.S. Bills and Notes § 247, p. 744; and points to the phrasing of the instrument's provision for interest reading "with interest at 4½ per cent per annum until due and ____ per cent per annum after due, interest payable ———————— annually" and to its words "If any part of the principal or interest secured by this note shall not be paid when due, the whole sum hereby secured shall thereby become due without further notice at the option of the holder" and asserts that these clauses' create an ambiguity both as to the payment of interest and maturity of the paper. Because of this ambiguity defendant contends that the offered parol evidence was essential to the process of interpretation.

As we have stated, the trial court permitted both parties to testify to their agreement that the mother was to receive interest on the principal amount at the rate of 4½% per annum payable annually. As we understand

defendant, it is his position that because of the obscure provisions we have quoted, the court should have received and considered all of the offered proof as a basis for an interpretation of the instrument as uncallable during the life of the mother. In our opinion to so employ the offered proof would be to reform rather than to interpret and explain the language of the instrument. So used the offered proof would contradict the express words of the instrument rendering it payable on demand.

■ ■ Oral negotiations or agreements which preceded or accompanied the execution of a written contract may be employed to explain its uncertain expressions but, except where reformation is sought, not to contradict and nullify its express terms. Kindley v. Williams, 76 S.D. 225, 76 N.W.2d 227, 57 A.L.R.2d 1070;) Moncur v. Jones, 72 S.D. 202, 31 N.W.2d 759; Janssen v. Tusha, 66 S.D. 604, 287 N.W. 501; Kingsley v. Kempthorne, 58 S.D. 253, 235 N.W. 653; D. M. Osborne & Co. v. Stringham, 1 S.D. 406, 47 N.W. 408; and see 4 Williston, Contracts, 3d Ed., §§ 636 and 639; and Hogan v. Church of St. Anne of LeSueur, 237 Minn. 52, 53 N.W.2d 449.

■ We are not unaware of those decisions by courts which recognize the general rule that a demand note becomes due immediately, but, on facts similar to those we are considering, hold a demand is necessary to mature the paper because it is evident the parties did not contemplate that the particular instrument should become immediately due. Cf. 10 C.J.S. Bills and Notes § 247, p. 744; 71 A.L.R.2d 309. We do not, however, regard those cases as lending support to the contention that such proof warrants an interpretation nullifying the express provision of the instrument authorizing such a demand.

■ We turn to the subject of conditional delivery. Without question, as between these immediate parties to this note, evidence was admissible to establish the delivery thereof to have been conditional or for a special purpose. SDC 46.0121. Because such evidence is received

and considered for the purpose of determining whether a writing has become effective as a contract of the parties, the rule of SDC 10.0604 quoted supra is not thereby invoked. McCormick Harvesting Machine Co. v. Faulkner, 7 S.D. 363, 64 N.W. 163, 58 Am.St.Rep. 839; and Riggen v. Lindley, 58 S. D. 343, 236 N.W. 280, 281. However, the rule of that statute denies probative effect to a condition subsequent resting in a contemporaneous oral agreement which contradicts and nullifies an express provision of a written agreement of the parties. 32 C.J.S. Evidence § 935, p. 857 and Hogan v. Church of St. Anne of LeSueur, 237 Minn. 52, 53 N.W.2d 449.

■ Proof of a condition precedent which rendered the note in question ineffective as a contract of the parties was not offered. The offer was of evidence of a contemporaneous oral agreement contradicting an express provision of the written contract.

We are not impressed with the contention that the acceptance of interest for eighteen months altered or waived the right of the mother to thereafter demand repayment of the principal. The parties agree it was understood the mother should receive interest on the principal amount at the rate of 4½% per annum payable annually. This ambiguous instrument is reasonably subject to the interpretation that it was intended to provide for interest as so understood. The privilege of making semiannual payments was granted and accepted. This note which makes provision for interest on the principal contains an express provision for a demand for repayment of the principal. It authorizes, but does not require, such a demand so long as the mother elected to permit the son to retain the principal. In the meantime she was entitled to accept payment of interest as it accrued. In other words, all she has done is in accordance with the terms of the note.

■ Thus far we have discovered no reversible error in the record. However, we have concluded the defendant has just cause for complaint of the ruling which re-

mains for consideration. His answer, while failing to conform in detail to SDC 1960 Supp. 33.0910 and cf. SDC 1960 Supp. 37.06 and Teutsch v. Hvistendahl, 72 S.D. 48, 29 N.W.2d 389; 72 S.D. 195, 31 N.W.2d 566, was sufficient to inform both court and counsel that defendant was pleading an equitable right to reformation of the described promissory note, either as a defense, or as an affirmative cause of action. Plaintiff failed to question the sufficiency of the defendant's pleading by either motion or objection and we are unable to say from this record that had such objection been made the insufficiency could not have been cured by amendment. Instead of questioning the pleading of defendant, counsel for plaintiff took the position that defendant must seek reformation in a separate action. In sustaining that view the trial court said, "Well, I don't think it's a proper part of the pleadings here. If you want to reform the instrument, you better bring a separate suit rather than as a defense to this matter." In so ruling, we are of the opinion the trial court erred.

Because defendant did not designate his pleading as a counterclaim, but did pray for affirmative relief, it is not too clear whether he intended a defense or a counterclaim. However, in the circumstances we deem his actual intention of little importance, and we do not pause to determine the matter. Established negatively as a defense, or affirmatively as a cause of action, the alleged equitable right to the reformation of this instrument is destructive of plaintiff's cause of action.

Although the intrinsic distinctions remain, First National Bank of Miles City, Mont. v. Erling Bros., 61 S.D. 364, 249 N.W. 681, 89 A.L.R. 1387, by SDC 1960 Supp. 33.0101, it is provided,

> "The distinction between actions at law and suits in equity, and the forms of all such actions and suits, are abolished in this state."

And by SDC 1960 Supp. 33.0911 it is provided further:

> "\* \* \* The defendant may set forth by answer as many defenses and counterclaims as he may have, whether they be such as have been heretofore denominated legal or equitable, or both."

These provisions authorized defendant to interpose an answer pleading an equitable right to reformation, either as a defense, or as a counterclaim.

In writing of the correct construction of like statutes as applied to equitable defenses to legal causes of action, Pomeroy's Code Remedies, 5th Ed., § 30 states:

> "\* \* \* There does not seem to be any limit to the use of such defences other than is found in the very nature of equity jurisprudence itself. Whenever equity confers a right, and the right avails to defeat a legal cause of action,--that is, shows that the plaintiff ought not to recover in his legal action,--**then the facts from which such right arises** may be set up as an equitable defence in bar. \* \* \*" (Emphasis supplied.)

Cf. Leach v. Leach, 162 Minn. 159, 202 N.W. 448.

And the annotator writing at 66 A.L.R. 763 states:

> "Under the modern system of practice, it has been held not to be necessary to secure a formal reformation of a written instrument, where it differs from the true agreement entered into between the parties, in order to enforce the instrument as it should have been made. \* \* \*

> "And similarly it has been held that a defendant is entitled to avail himself of a defense based on the real contract between the parties, where the written instrument fails to show the true agreement, without first having the instrument reformed. \* \* \*"

The ruling of the trial court denied defendant his day in court on the issue of reformation. For that reason, the judgment of the trial court is reversed.

All the Judges concur.